FREDERICK W. SCHMIDT, Appellant, *v.* THE MERCHANTS DESPATCH TRANSPORTATION COMPANY, Respondent.

GIULIO FELLI, Appellant, *v.* UNITED STATES GYPSUM COMPANY, Respondent.

ANTHONY LABIEKO, Appellant, *v.* AMERICAN PIANO COMPANY et al., Respondents.

288

(Argued January 13, 1936; decided March 3, 1936.)

*Philip Halpern, Milton H. Friedman, Emil L. Cohen* and *William L. Clay* for appellants. The Statute of Limitations did not commence to run until actual damage had been suffered by the plaintiff. Therefore, the action

is not barred by the Statute of Limitations. (*Comstock v. Wilson*, 257 N. Y. 231; *Reilly v. Sicilian Asphalt Paving Co.*, 170 N. Y. 40; *Commercial Bank of Albany v. Ten Eyck*, 48 N. Y. 305; *Brusden v. Humphrey*, 14 Q. B. Div. 141; *Sullivan v. Old Colony Street Ry.*, 200 Mass. 303; *Skipwirth v. Albemarle Soapstone Co.*, 185 Fed. Rep. 15; *Darley v. Mitchell*, 11 App. Cas. 127; *Ludlow v. Hudson River R. R. Co.*, 6 Lans. 128; *Marsh v. Industrial Accident Co.*, 18 Pac. Rep. [2d] 933; *Michna v. Collins Co.*, 116 Conn. 193; *Matter of Bergerois*, 243 Mass. 366; *Gilbert v. Ackerman*, 159 N. Y. 118; *Matter of City of New York [Grand Blvd.]*, 212 N. Y. 539.) The second count of the complaint states a valid cause of action for a personal injury due to the defendant's positive wrong, and is governed by the six-year Statute of Limitations. (*Dickinson v. Mayor*, 92 N. Y. 584; *Muller v. McKesson*, 73 N. Y. 204; *Jorgenson v. Church*, 7 Misc. Rep. 1; *Niehaus v. Caryfield, Inc.*, 240 App. Div. 144; *Walrath v. Hanover Fire Ins. Co.*, 216 N. Y. 220; *Keller v. Butler*, 246 N. Y. 249; *Herman v. City of Buffalo*, 214 N. Y. 316; *Swords v. Edgar*, 59 N. Y. 28; *Fox v. Buffalo Park*, 21 App. Div. 321; 163 N. Y. 559; *Junkermann v. Tilyou Realty Co.*, 213 N. Y. 404; *McFarlane v. City of Niagara Falls*, 247 N. Y. 340; *Hoffman v. Bristol*, 113 Conn. 386; *Capozzi v. City of Waterbury*, 160 Atl. Rep. 435; *Hayes v. Brooklyn Heights R. R. Co.*, 200 N. Y. 183; *Khoury v. County of Saratoga*, 267 N. Y. 384.) The complaint alleges a good and sufficient cause of action for breach of contract and the action thereon was commenced within the time prescribed by law. (*Busch v. Interboro R. T. Co.*, 87 N. Y. 388; *Boyce v. Greeley Square Hotel Co.*, 228 N. Y. 106; *Cortes v. Baltimore Insular Line*, 53 Sup. Ct. Rep. 173; *Frank v. Maliniak*, 232 App. Div. 278; *O'Neill v. Gray*, 30 Fed. Rep. [2d] 776; *Camp v. Reeves*, 209 App. Div. 488; 240 N. Y. 672; *Ward v. St. Vincent's Hospital*, 39 App. Div. 624; *Thomas v. Buffalo Columbus Hospital*, 199 App. Div.

905; *Archibald* v. *Hill Sanatorium*, 121 Misc. Rep. 193; *Roche* v. *St. John's Riverside Hospital*, 96 Misc. Rep. 289; *Ganley* v. *Troy City Nat. Bank*, 98 N. Y. 487; *Marcy* v. *City of Syracuse*, 199 App. Div. 246; *Conklin* v. *Draper*, 229 App. Div. 227; *Monahan* v. *Devinny*, 223 App. Div. 547.) The cause of action for fraud and misrepresentation is a valid cause of action and the action was commenced within the time prescribed by statute. (*Kuelling* v. *Lean Mfg. Co.*, 183 N. Y. 78; *Griffin* v. *Bles*, 202 App. Div. 443; *Ultramares Corp.* v. *Touche*, 255 N. Y. 170.) The fifth count of the complaint states a good cause for violation of the Labor Law (Cons. Laws, ch. 31) and this cause of action is governed by the six-year Statute of Limitations. (*Amberg* v. *Kinley*, 214 N. Y. 531; *Arnold* v. *National Starch Co.*, 194 N. Y. 42; *Martin* v. *Herzog*, 228 N. Y. 164; *Ward* v. *Erie R. R. Co.*, 230 N. Y. 230; *DeMilt* v. *Hart*, 235 N. Y. 464; *Ross* v. *D., L. & W. R. R. Co.*, 231 N. Y. 335; *DiCaprio* v. *N. Y. C. R. R. Co.*, 231 N. Y. 94; *Kelley* v. *New York State Railways*, 207 N. Y. 342; *Abounader* v. *Strohmeyer*, 217 App. Div. 43; 243 N. Y. 458; *Pine Grove Poultry Farm* v. *Newton By-Products Co.*, 248 N. Y. 293; *Karpeles* v. *Heine*, 227 N. Y. 74; *Texas & Pacific Ry. Co.* v. *Rigsby*, 241 U. S. 33; *Marino* v. *Lehmaier*, 173 N. Y. 530; *Groves* v. *Wimborne*, [1898] 2 Q. B. 402; *Saxton* v. *D. & H. Co.*, 256 N. Y. 363; *Detmar* v. *Nussbaum*, 149 Misc. Rep. 469; 241 App. Div. 720; *Shepard* v. *Taylor Pub. Co.*, 234 N. Y. 465.)

*Paul Folger* and *Harlan F. Calkins* for The Merchants Despatch Transportation Company, respondent. The Statute of Limitations commenced running against the causes of action of the complaint on or before the last date of employment of the appellant by the respondent. (*Capucci* v. *Barone*, 266 Mass. 578; *Whalen* v. *Strong*, 230 App. Div. 617; *Covey* v. *England*, 233 App. Div. 332; *Luce* v. *N. Y. C. & St. L. Ry. Co.*, 124 Misc. Rep. 590; 213 App. Div. 374; 242 N. Y. 519; *Payne* v. *N. Y.*,

*S. & W. R. R. Co.*, 201 N. Y. 436; *Conklin* v. *Draper,* 229 App. Div. 227; 254 N. Y. 620; *Horowitz* v. *Bogart,* 218 App. Div. 158; *Taylor* v. *Manhattan Ry. Co.,* 53 Hun, 305; *Model Building & Loan Assn.* v. *Reeves,* 114 Misc. Rep. 137; *Spallholz* v. *Sheldon,* 158 App. Div. 367; 216 N. Y. 205; *Morales* v. *Klopsch,* 158 App. Div. 824; *Lightfoot* v. *Davis,* 132 App. Div. 452; 198 N. Y. 261; *Hopkins* v. *Lincoln Trust Co.,* 233 N. Y. 213; *Pierson* v. *McCurdy,* 33 Hun, 520; 100 N. Y. 608; *Palsgraf* v. *L. I. R. R. Co.,* 248 N. Y. 339; *Albert* v. *Sherman,* 167 Tenn. 133.) The three-year Statute of Limitations provided by section 49 of the Civil Practice Act is a complete bar to all of the causes of action alleged in the complaint. (*Smith* v. *Village of Victor,* 134 Misc. Rep. 888; *McCluskey* v. *Wile,* 144 App. Div. 470; *McFarlane* v. *City of Niagara Falls,* 247 N. Y. 340; *Giannavola* v. *General Railway Signal Co.,* 244 App. Div. 65; *Woernley* v. *Electromatic Typewriters, Inc.,* 244 App. Div. 679; *Heeg* v. *Licht,* 80 N. Y. 579; *Kavanagh* v. *Barber,* 131 N. Y. 211; *Swords* v. *Edgar,* 59 N. Y. 28; *Callanan* v. *Gilman,* 107 N. Y. 360; *Sullivan* v. *Dunham,* 161 N. Y. 290; *Leonard* v. *Spencer,* 108 N. Y. 338; *Francis* v. *Schoellkopf,* 53 N. Y. 152; *Hine* v. *N. Y. & E. R. R. Co.,* 128 N. Y. 571; *Bly* v. *Edison Electric Illuminating Co.,* 172 N. Y. 1; *Miller* v. *Edison Electric Illuminating Co.,* 184 N. Y 17; *Hughes* v. *City of Auburn,* 161 N. Y. 96; *Gordon* v. *Village of Silver Creek,* 127 App. Div. 888; *McCarty* v. *Natural Carbonic Gas Co.,* 189 N. Y. 40; *Pritchard* v. *Edison Electric Illuminating Co.,* 179 N. Y. 364; *Campbell* v. *Seaman,* 63 N. Y. 568; *Davis* v. *Niagara Falls Tower Co.,* 171 N. Y. 336; *Gibson* v. *Denton,* 4 App. Div. 198; *Chapman* v. *City of Rochester,* 110 N. Y. 273; *Strobel* v. *Kerr Salt Co.,* 164 N. Y. 303; *Horowitz* v. *Bogart,* 218 App. Div. 158; *Frankel* v. *Wolper,* 181 App. Div. 485; *Hurlburt* v. *Gillette,* 96 Misc. Rep. 585; 176 App. Div. 893; *Hermes* v. *Westchester Racing Assn.,* 213 App. Div. 147; *Maxson* v. *D., L. & W. R. R. Co.,* 112 N. Y. 559; *Payne* v. *N. Y., S. & W. R. R. Co.,* 201 N. Y. 436; *Luce* v. *N. Y.*

*C. & St. L. Ry. Co.*, 124 Misc. Rep. 590; 213 App. Div. 374; 242 N. Y. 519; *Mautsewich* v. *U. S. Gypsum Co.*, 217 N. Y. 593; *Scott* v. *International Paper Co.*, 204 N. Y. 49; *Michalski* v. *American M. & F. Co.*, 225 N. Y. 294; *Karpeles* v. *Heine*, 227 N. Y. 74.)

*T. Carl Nixon* and *Casper Baltensperger* for United States Gypsum Company, respondent. The first alleged cause of action is barred by the Statute of Limitations. (*Patie* v. *Union Carbide Co.*, 244 App. Div. 606; *Michalek* v. *United States Gypsum Co.*, 76 Fed. Rep. [2d] 115; *Conklin* v. *Draper*, 229 App. Div. 227; 254 N. Y. 620; *Capucci* v. *Barone*, 266 Mass. 578; *Maloney* v. *Brackett*, 275 Mass. 479; *Bartlett* v. *Hall*, 193 N. E. Rep. 360; *Calhoun* v. *Washington Veneer Co.*, 170 Wash. 152; *Piukkula* v. *Pillsbury Astoria Flouring Mills Co.*, 42 Pac. Rep. [2d] 921; *Brown* v. *Tennessee Consolidated Coal Co.*, 83 S. W. Rep. [2d] 568.) The second cause of action, if it states facts sufficient to constitute a cause of action, sounds in negligence and is barred by the Statute of Limitations. (*Michalek* v. *United States Gypsum Co.*, 76 Fed. Rep. [2d] 115; *Daurizio* v. *Merchants Despatch Transportation Co.*, 152 Misc. Rep. 716; *Woernley* v. *Electromatic Typewriters, Inc.*, 244 App. Div. 679; *Giannavola* v. *General Railway Signal Co.*, 244 App. Div. 65; *McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340; *McCluskey* v. *Wile*, 144 App. Div. 470; *Kavanagh* v. *Barber*, 131 N. Y. 211; *Hughes* v. *City of Auburn*, 161 N. Y. 96; *Kilts* v. *Board of Supervisors*, 162 Mich. 646; *Hayes* v. *Brooklyn Heights R. R. Co.*, 200 N. Y. 183; *Smith* v. *Village of Victor*, 134 Misc. Rep. 888; *Dickinson* v. *Mayor*, 92 N. Y. 584.) The third cause of action does not set forth facts sufficient to constitute a cause of action. (*Michalek* v. *United States Gypsum Co.*, 76 Fed. Rep. [2d] 115; *Daurizio* v. *Merchants Despatch Transportation Co.*, 152 Misc. Rep. 716; *Hermes* v. *Westchester Racing Assn.*, 213 App. Div. 147; *Obanhein* v. *Arbuckle*, 80 App. Div. 465; *Maxson* v. *D., L. & W. R. R. Co.*, 112 N. Y.

559; *Carroll* v. *S. I. R. R. Co.*, 58 N. Y. 126; *Woernley* v. *Electromatic Typewriters, Inc.*, 244 App. Div. 679.) The third or so-called contract cause of action is barred by the Statute of Limitations. (*Aplington* v. *Pullman Co.*, 110 App. Div. 250; *Webber* v. *Herkimer R. R. Co.*, 109 N. Y. 311; *Hermes* v. *Westchester Racing Assn.*, 213 App. Div. 147; *Hulbert* v. *Gillett*, 96 Misc. Rep. 585; 176 App. Div. 893; *Maxson* v. *D., L. & W. R. R. Co.*, 112 N. Y. 559; *Michalek* v. *United States Gypsum Co.*, 76 Fed. Rep. [2d] 115.) The fourth cause of action if it states facts sufficient to constitute a cause of action sounds in negligence and is barred by the Statute of Limitations. (*Michalek* v. *United States Gypsum Co.*, 76 Fed. Rep. [2d] 115; *Daurizio* v. *Merchants Despatch Transportation Co.*, 152 Misc. Rep. 716.) The fifth cause of action sounds in negligence and is barred by the Statute of Limitations. (*Michalek* v. *United States Gypsum Co.*, 76 Fed. Rep. [2d] 115; *Giannavola* v. *General Railway Signal Co.*, 244 App Div. 65; *Daurizio* v. *Merchants Despatch Transportation Co.*, 152 Misc. Rep. 716; *Glens Falls Portland Cement Co.* v. *Travelers Ins. Co.*, 162 N. Y. 399; *Mautsewich* v. *United States Gypsum Co.*, 217 N. Y. 593; *Scott* v. *International Paper Co.*, 204 N. Y. 49; *Michalski* v. *American M. & F. Co.*, 225 N. Y. 294; *Basel* v. *Ansonia Clock Co.*, 216 N. Y. 356; *Wynkoop* v. *Ludlow Valve Mfg. Co.*, 196 N. Y. 324; *Moskewict* v. *Allen's Sons' Rope Co.*, 153 App. Div. 376; *Koester* v. *Rochester Candy Works*, 194 N. Y. 92; *Marino* v. *Lehmaier*, 173 N. Y. 530; *Weisthal* v. *Arena Building Corp.*, 232 App. Div. 694; 257 N. Y. 537; *McRickard* v. *Flint*, 114 N. Y. 222.; *Kircher* v. *Iron Clad Mfg. Co.*, 134 App. Div. 144; 200 N. Y. 587; *Gilvary* v. *Cuyahoga Valley R. Co.*, 292 U. S. 57.)

*Percival D. Oviatt* for American Piano Company et al., respondents. Regardless of how the causes of action may be classified, or what statutes of limitations are applicable, the complaint states but a single cause of action. (*Payne* v. *N. Y., S. & W. R. R. Co.*, 201 N. Y.

436; *Marion* v. *Coon Construction Co.*, 216 N. Y. 178; *Covey* v. *England & McCaffrey, Inc.*, 233 App. Div. 332; *Whalen* v. *Strong*, 230 App. Div. 617; *Luce* v. *N. Y. C. & St. L. R. R. Co.*, 213 App. Div. 374; *Lyons* v. *McNulty Brothers*, 77 Misc. Rep. 176; *Acardo* v. *N. Y. Contracting & Trucking Co.*, 116 App. Div. 793; *Flynn* v. *McLoughlin*, 173 App. Div. 368; *Chrosciel* v. *N. Y. C. R. R. Co.*, 174 App. Div. 175; *Kinney* v. *Hudson River R. R. Co.*, 98 Misc. Rep. 11; 177 App. Div. 948; *Koester* v. *Rochester Candy Works*, 194 N. Y. 92; *Valenti* v. *Messinger*, 175 App. Div. 398; *Smith* v. *Atlantic Coast Line R. Co.*, 210 Fed. Rep. 761; *Michalek* v. *U. S. Gypsum Co.*, 76 Fed. Rep. [2d] 115; *Daurizio* v. *Merchants Despatch Transportation Co.*, 152 Misc. Rep. 716; *Mautsewich* v. *U. S. Gypsum Co.*, 217 N. Y. 593; *Armenti* v. *Brooklyn Union Gas Co.*, 157 App. Div. 276; *Shields* v. *Pugh & Co.*, 122 App. Div. 586; *Baltimore Steamship Co.* v. *Phillips*, 274 U. S. 316; *Giannavola* v. *General Ry. Signal Co.*, 244 App. Div. 65.) The Statute of Limitations began to run at the time of the cessation of employment. (*Conklin* v. *Draper*, 229 App. Div. 227; 254 N. Y. 620; *Wiersycki* v. *Pratt & Letchworth Co.*, 151 Misc. Rep. 207; *Taylor* v. *Manhattan Ry. Co.*, 53 Hun, 305; *Michalek* v. *U. S. Gypsum Co.*, 76 Fed. Rep. [2d] 115; *Field* v. *Gazette*, 59 S. W. Rep. [2d] 19; *Calhoun* v. *Washington*, 170 Wash. 152; *Cappuci* v. *Barone*, 195 N. E. Rep. 653; *Tulloch* v. *Haselo*, 218 App. Div. 313; *Dumbadze* v. *Lignante*, 216 App. Div. 554; *Engel* v. *Fischer*, 102 N. Y. 400.) The three-year statute has run against all of the causes of action because all after the first are merely repetitious and are verbal distortions of the first cause of action for negligence. (*Giannavola* v. *General Ry. Signal Co.*, 244 App. Div. 65; *Daurizio* v. *Merchants Despatch Transportation Co.*, 152 Misc. Rep. 716; *Wiersycki* v. *Pratt & Letchworth Co.*, 151 Misc. Rep. 207; *Michalek* v. *U. S. Gypsum Co.*, 76 Fed. Rep. [2d] 115; *Belmont* v. *City of New York*, 191 App. Div. 717; *McCluskey* v. *Wile*, 144 App. Div. 470; *Heeg* v. *Licht*, 80 N. Y. 579; *People* v. *Transit*

*Development Co.*, 131 App. Div. 174; *Kavanagh* v. *Barber*, 131 N. Y. 211; *Obanheim* v. *Arbuckle*, 80 App. Div. 465; *Carron* v. *Standard Refrigerator Co.*, 138 App. Div. 723; *Webber* v. *Herkimer R. R. Co.*, 109 N. Y. 311; *Hermes* v. *Westchester Racing Assn.*, 213 App. Div. 147; *Griffin* v. *Bles*, 202 App. Div. 443.)

*William De Graff* and *John D. Sullivan* for American Laundry Machinery Company et al., *amici curiæ.* An action brought by a factory or foundry employee against his employer for personal injuries, alleging the same to have been caused by violation of duty imposed by the common law or Labor Law, is a negligence action, and, if not commenced within three years from the time the injuries were received, is barred by the Statute of Limitations. (*Payne* v. *N. Y., S. & W. R. R. Co.*, 201 N. Y. 436; *McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340; *Glens Falls Portland Cement Co.* v. *Travelers Ins. Co.*, 162 N. Y. 399; *Koester* v. *Rochester Candy Works*, 194 N. Y. 92; *Marion* v. *Coon Construction Co.*, 216 N. Y. 178; *Luce* v. *N. Y. C. & St. L. R. R. Co.*, 213 App. Div. 374; 242 N. Y. 519; *Dieboldt* v. *United States Baking Co.*, 81 Hun, 195; *Goetz* v. *Duffy*, 215 N. Y. 53; *Maleeny* v. *Standard Shipbuilding Corp.*, 237 N. Y. 250; *Schumer* v. *Caplin*, 241 N. Y. 346; *Weisthal* v. *Arena Building Corp.*, 232 App. Div. 694; 257 N. Y. 537; *Webber* v. *Herkimer & Mohawk St. R. R. Co.*, 109 N. Y. 311; *Maxson* v. *D., L. & W. R. R. Co.*, 112 N. Y. 559; *Kindga* v. *Noyes Co.*, 260 N. Y. 521; *Rix* v. *Siegel*, 235 App. Div. 499; 261 N. Y. 583.) The cause of action for negligence, if any, accrued during plaintiff's employment and not after the employment ceased. (*Engel* v. *Fischer*, 102 N. Y. 400; *Tulloch* v. *Haselo*, 218 App. Div. 313; *Conklin* v. *Draper*, 229 App. Div. 227; 254 N. Y. 620; *Hermes* v. *Westchester Racing Assn.*, 213 App. Div. 147; *Frankel* v. *Wolper*, 181 App. Div. 485; 228 N. Y. 582; *Horowitz* v. *Bogart*, 218 App. Div. 158; *Lightfoot* v. *Davis*, 198 N. Y. 268; *Troup* v. *Smith*, 20 Johns. 33; *Leonard* v. *Pitney*, 5 Wend.

30; *Ball* v. *Gerard*, 160 App. Div. 619; 221 N. Y. 665; *Smith* v. *Staten Island Land Co.*, 175 App. Div. 588; *McKay* v. *Coolidge*, 218 Mass. 65; *Miller* v. *Adams*, 16 Mass. 456.) The alleged nuisance action is also governed by the three-year Statute of Limitations. (*Belmont* v. *City of New York*, 191 App. Div. 717; *McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340; *McCluskey* v. *Wile*, 144 App. Div. 470; *Heeg* v. *Licht*, 80 N. Y. 579; *Kavanagh* v. *Barber*, 131 N. Y. 211; *Swords* v. *Edgar*, 59 N. Y. 28; *Gordon* v. *Village of Silver Creek*, 127 App. Div. 888; *McCarty* v. *Nat. Carbonic Gas Co.*, 189 N. Y. 40; *Pritchard* v. *Edison Electric Illuminating Co.*, 179 N. Y. 364; *Campbell* v. *Seaman*, 63 N. Y. 568; *Davis* v. *Niagara Falls Tower Co.*, 171 N. Y. 336; *Gibson* v. *Denton*, 4 App. Div. 198; *Chapman* v. *City of Rochester*, 110 N. Y. 273; *Strobel* v. *Kerr Salt Co.*, 164 N. Y. 303.) The other causes of action, being really negligence actions, though called something else, are governed by the three-year limitation. (*Frankel* v. *Wolper*, 181 App. Div. 485; 228 N. Y. 582; *Horowitz* v. *Bogart*, 218 App. Div. 158; *Conklin* v. *Draper*, 229 App. Div. 227; 254 N. Y. 620; *Hermes* v. *Westchester Racing Assn.*, 213 App. Div. 147; *Webber* v. *Herkimer & Mohawk St. R. R. Co.*, 109 N. Y. 311; *Maxson* v. *D., L. & W. R. R. Co.*, 112 N. Y. 559; *Allen* v. *Mille*, 17 Wend. 202; *Troup* v. *Smith*, 20 Johns. 33; *Leonard* v. *Pitney*, 5 Wend. 30; *Lightfoot* v. *Davis*, 198 N. Y. 268; *Tulloch* v. *Haselo*, 218 App. Div. 313; *Daurizio* v. *Merchants Despatch Transportation Co.*, 152 Misc. Rep. 716.)

*Lathrop D. Marsland* for Flower City Charcoal Company, *amicus curiæ*. The plaintiff had a cause of action when through the defendant's negligence his right to bodily security was invaded, when violence was done to his body by the introduction into his lungs and other organs of the harmful dust. The last of such acts of violence must necessarily have occurred on the last day of his employment. His cause or causes of action were then complete. The subsequent progress and develop-

ment of the disease of silicosis or pneumoconiosis was but an aggravation of the damage then done. (*Conklin* v. *Draper*, 229 App. Div. 227; 254 N. Y. 620; *Northrop* v. *Hill*, 57 N. Y. 351.)

*Eugene Raines* for Cutler Mail Chute Company, *amicus curiæ*.

LEHMAN, J. The plaintiff in his complaint alleges that, while in the employ of the defendant, he inhaled foreign substances in the form of dust, and, as a result, contracted a disease of the lungs known as pneumoconiosis. In various forms and in separate and distinct causes of action the complaint alleges that the plaintiff's exposure to such a risk constituted the breach of a duty which the defendant, as employer, owed to the plaintiff as employee. The wrongful act of the defendant, however, alleged in these separate causes of action, remains the same. The alleged injury to the plaintiff is a single injury. The failure of the defendant to give adequate protection to the plaintiff, against a danger which arises in the course of the plaintiff's employment, and the injury arising therefrom constitute the basis of each " cause of action." That duty, as alleged in one " cause of action," arises from the general rule that every person must exercise reasonable care to avoid causing injury to the person or property of another. That duty, as alleged in other causes of action, arises from contract or from express representation by the defendant that the work which the plaintiff was employed to do was safe; or finally that duty is imposed by statute. None the less, the *act* of the defendant in exposing the plaintiff to the effect of the inhalation of a dust causing an incurable lung disease, remains a single wrong and the personal injuries which, it is alleged, the plaintiff has suffered arise from that single wrong.

"An action to recover damages for a personal injury resulting from negligence " must be commenced within three years after the cause of action has accrued. (Civ.

Prac. Act, § 49.) The defendant maintains that the breach of duty owed to the plaintiff by the defendant as employer constitutes negligence and that the plaintiff has only a single cause of action for damages for a personal injury resulting from such negligence. It is not disputed that the plaintiff's employment ceased more than three years before this action was commenced. Any breach of duty owed by the defendant as employer must, then, have been completed before that time. For that reason, the complaint has been dismissed upon the defendant's motion.

Since the defendant has committed but a single wrong and the plaintiff has suffered but a single injury, the plaintiff has in one sense only a single cause of action. (*Payne* v. *N. Y., S. & W. R. R. Co.*, 201 N. Y. 436; *Luce* v. *N. Y., C. & St. L. R. R. Co.*, 213 App. Div. 374; affd., 242 N. Y. 519.) However, " a ' cause of action ' may mean one thing for one purpose and something different for another." (*United States* v. *Memphis Cotton Oil Co.*, 288 U. S. 62, 67, 68.) Judicial decision cannot be based soundly upon dialectical distinctions or rigid application of purely formal concepts. An allegation that a single act or default constitutes a breach of a duty imposed upon common law principles and, at the same time, the breach of a duty imposed by statute, may be immune from attack, on the ground that it embodies two causes of action which should be separately stated and numbered. So, too, a successful defense of an action brought to recover upon one ground of liability for an alleged wrongful act or default may constitute a conclusive adjudication against a plaintiff who seeks to assert another cause of action based upon a different ground of liability but for the same alleged wrong. In such cases a division of a single injury caused by a single wrong into separate causes of action would ignore the essential fact that, in truth, there has been but a single wrong and a single injury. The problem is different

when the defendant claims that the Statute of Limitations bars recovery for the single injury.

We assume that the allegations in the complaint of five " separate and distinct " causes of action, set forth, in different forms, only a single wrong for which there may be but one recovery. That must be true, for evidently there can be but one satisfaction awarded for a single injury. None the less the Legislature may, if it chooses, impose one period of limitation for a cause of action to recover damages for a personal injury arising from negligence and different periods of limitation for a cause of action for the same injury where liability may arise on other grounds; and, in determining which period of limitation applies to a particular cause of action, the criterion is the origin and nature of the liability asserted. The single wrongful act which is asserted as the basis of recovery may constitute the breach of a number of obligations of diverse nature and origin. Then it may rest with the plaintiff whether he will assert as the basis of his right to damages the breach of one or more of such obligations; and the single right to recover such damages may then be alleged in different forms, each asserting as a basis of liability the breach of some duty or obligation. Each so-called " separate and distinct cause of action " becomes in effect a " count " in the allegation of a single wrong; and whether the statute bars recovery under any count depends upon the nature and origin of the liability asserted in that count. In that sense a single wrong may give rise to different causes of action.

The wrong alleged in the first cause of action is unquestionably the negligence of the defendant. Failure to comply with statutory safeguards, commanded by the State for the purpose of protecting employees from injury through inhalation of dust, is alleged only as a specification of defendant's negligence. That cause of action is barred three years from the date it accrued. As to that cause of action the only question presented upon this appeal is when it accrued.

We have said that " in actions of negligence damage is of the very gist and essence of the plaintiff's cause." (*Comstock* v. *Wilson*, 257 N. Y. 231, 235.) Accordingly, the plaintiff claims that his cause of action accrued, not at the time he inhaled the dust — more than three years before the action was commenced — but at the time when the dust, so inhaled, resulted in a disease of the lungs and that date, it is said, can be determined only by medical testimony.

Though negligence may endanger the person or property of another, no actionable wrong is committed if the danger is averted. It is only the *injury* to person or property arising from negligence which constitutes an invasion of a personal right, protected by law, and, therefore, an actionable wrong. (Cf. " The Duty to Take Care," by W. W. Buckland, 51 Law Quarterly Review, p. 637; Pollock on The Law of Torts [12th ed.], p. 186.) Through lack of care a person may set in motion forces which touch the person or property of another only after a long interval of time (Cf. *Ehret* v. *Village of Scarsdale*, 269 N. Y. 198); and then only through new, fortuitous conditions. There can be no doubt that a cause of action accrues only when the forces wrongfully put in motion produce injury. Otherwise, in extreme cases, a cause of action might be barred before liability arose.

That does not mean that the cause of action accrues only when the injured person knows or should know that the injury has occurred. The injury occurs when there is a wrongful invasion of personal or property rights and then the cause of action accrues. Except in cases of fraud where the statute expressly provides otherwise, the statutory period of limitations begins to run from the time when liability for wrong has arisen even though the injured party may be ignorant of the existence of the wrong or injury. Consequential damages may flow later from an injury too slight to be noticed at the time it is inflicted. No new cause of action accrues when such consequential damages arise. So far as such consequential

damages may be reasonably anticipated, they may be included in a recovery for the original injury, though even at the time of the trial they may not yet exist. When substantial damage may result from any wrong affecting the person or property of another, a cause of action for such wrong immediately accrues. (*Conklin* v. *Draper*, 229 App. Div. 227; affd., 254 N. Y. 620; *Wiener* v. *Ellrodt*, 268 N. Y. 646; *Capucci* v. *Barone*, 266 Mass. 578.)

We must apply that rule here. The injury to the plaintiff was complete when the alleged negligence of the defendant caused the plaintiff to inhale the deleterious dust. For that injury, including all resulting damages the defendant was then liable. The disease of the lungs was a consequence of that injury. Its result might be delayed or, perhaps, even by good fortune averted; nevertheless, the disease resulted naturally, if not inevitably, from a condition created in the plaintiff's body through the defendant's alleged wrong. It cannot be doubted that the plaintiff might have begun an action against the defendant immediately after he inhaled the dust which caused the disease. No successful challenge could have been interposed on the ground that the action was prematurely brought because at the time it was commenced no serious damage to the plaintiff had yet developed. In that action the plaintiff could recover all damages which he could show had resulted or would result therefrom. In effect, the plaintiff is asking this court to hold that the statutory period of limitation begins only from the time that the plaintiff had reasonable assurance that serious damage had resulted or would result from past injury. The statute provides in unambiguous language that the period of limitation begins to run at the moment when right to begin an action accrues. The same test must be applied to a challenge that the action is stale as to a challenge that the action has been brought prematurely.

The Statute of Limitations is a statute of repose. At times, it may bar the assertion of a just claim. Then its application causes hardship. The Legislature has found that such occasional hardship is outweighed by the advantage of outlawing stale claims. The problem created by the slow onset of the disease of pneumoconiosis or silicosis has been considered by the courts of other jurisdictions. They have given to statutes of limitation their intended effèct as statutes of repose and have held that a cause of action sounding in negligence accruès at the time when through lack of care by an employer, deleterious substances enter the lungs of an employee though the development of consequential damages may be long delayed. (*Brown* v. *Tennessee Consolidated Coal Co.*, 83 S. W. Rep. [2d] 568; *Scott* v. *Rinehart & Dennis Co.*, 180 S. E. Rep. 276; *Piukkula* v. *Pillsbury Astoria Flouring Mills Co.*, 150 Ore. 304; *Michalek* v. *United States Gypsum Co.*, 76 Fed. Rep. [2d] 115.) The problem is different when it is presented upon a claim for compensation for disability arising from an occupational disease or in an action to enforce a statutory liability for similar disability. (Cf. *Marsh* v. *Industrial Accident Commission*, 217 Cal. 338; *Michna* v. *Collins Co.*, 116 Conn. 193; *Madison* v. *Wedron Silica Co.*, 352 Ill. 60.) We agree that any cause of action which must be commenced within three years after it accrues is for these reasons barred. There are four " causes of action " pleaded in the complaint to which, the plaintiff claims, a six-year period of limitation rather than the three-year period applies. The gist of the wrong alleged in the second, third and fourth causes of action is an injury resulting from negligence although the pleader has attempted to set forth causes of action which in form are for damages caused by nuisance, breach of contract and fraudulent misrepresentation. In the Appellate Division the judges, who on other grounds dissented from the decision, agreed with the majority that these causes of action are all subject to the three-year period of limitation, just as if, in form

as well as in substance, recovery were sought for damages arising from an injury caused by negligence. In *Michalek* v. *United States Gypsum Co.* (*supra*), too, all the judges again agreed that these causes of action are barred. We reach the same conclusion. " The form of the action, whether *ex contractu*, as claimed to be the case here by the appellant's counsel, or *ex delicto*, does not affect the case under this statute." (*Webber* v. *Herkimer & Mohawk St. R. R. Co.*, 109 N. Y. 311, 314.) The nature and origin of the liability asserted is, regardless of form, a liability for damages caused by negligence.

There remains only the last cause of action in which the plaintiff charges that the defendant failed to provide the safeguards required by the Labor Law (Cons. Laws, ch. 31). Here two justices in the Appellate Division maintained in a vigorous and persuasive dissenting opinion that in this cause of action recovery was sought " upon a liability created by statute " to which the six-year period applied. (Civ. Prac. Act, § 48, subd. 2.) (See, also, dissenting opinion of AUGUSTUS HAND, J., in *Michalek* v. *United States Gypsum Co., supra.*) The Labor Law (§ 299) provides among other things that " all machinery creating dust or impurities shall be equipped with proper hoods and pipes connected to an exhaust fan of sufficient capacity and power to remove such dust or impurities," (subd. 2), and also that " if dust, gases, fumes, vapors, fibers or other impurities are generated or released in the course of the business carried on in any workroom of a factory, in quantities tending to injure the health of the employees, suction devices shall be provided which shall remove such impurities from the workroom, at their point of origin where practicable, by means of proper hoods connected to conduits and exhaust fans" (subd. 3). The Legislature has cast upon the defendant a duty not measured by the usual norm of what a reasonably prudent man would do under the same circumstances. The duty is imposed for the special benefit and protection of

employees. The problem here presented is whether the Legislature at the same time that it commanded that safeguards be installed for the benefit of employees also " created " a liability for damages caused. by disregard of that command or whether the Legislature merely created a new standard of care to be applied in actions where lack of care is charged as a basis of liability.

The duty imposed by statute is absolute and proof of disregard of a duty created by statute for the protection of a special class establishes, it has been said, negligence as a matter of law. The usual standard of care is superseded by the standard enacted by the Legislature. Ordinarily it is not a matter of consequence whether in such case the liability arising from breach of a statutory duty be regarded as a liability created by statute or a liability for negligence for which the statute creates a new standard or norm. Nevertheless the existence of such a distinction has been pointed out by this court: " In a suit upon a cause of action thus given by statute, it is not necessary for the plaintiff to prove negligence on the part of the defendant, because the failure to observe the statute creates a liability *per se*, or, as is otherwise and with less accuracy sometimes said, is conclusive evidence of negligence." (*Amberg* v. *Kinley*, 214 N. Y. 531, 535.) For some purposes, negligence and breach of a statutory duty " must be kept distinct in speech and thought." (*Martin* v. *Herzog*, 228 N. Y. 164, 168.) The distinction may be decisive here upon the question whether the fifth cause of action, alleged in the complaint, is to be treated as " an action to recover upon a liability created by statute " which is subject to the six-year period of limitation.

We may assume that a " liability " is not " created " by statute in every case where the statute imposes a new duty or a standard of care different from that required by custom and common law. The statute may be general in character and the statutory duty may be imposed for the general welfare rather than for the benefit of a person

or group of persons. A statute "creates" no liability unless it discloses an intention express or implied that from disregard of a statutory command a liability for resultant damages shall arise "which would not exist but for the statute." (*Shepard* v. *Taylor Pub. Co.*, 234 N. Y. 465, 468.) The statute may in express terms give to an injured person a cause of action for such damages. Difficulty arises only where the statute does not, in express terms, make any provision for such a cause of action. Then the problem is whether such a provision should be implied. That depends, at least in great measure, upon whether the duty is imposed for the special benefit of a particular group or class of persons. Only in such case can it be said that the statute creates a liability *per se*. When the statute merely defines, in the interest of the general public, the degree of care which shall be exercised under specified circumstances, it does not "create" a new liability; it merely changes the standard which must be applied in an action to recover damages caused by lack of care.

"A disregard of the command of the statute is a wrongful act, and where it results in damage to one of the class for whose especial benefit the statute was enacted, the right to recover the damages from the party in default is implied, according to a doctrine of the common law expressed in 1 Com. Dig., tit., Action upon Statute (F), in these words: 'So, in every case, where a statute enacts, or prohibits a thing for the benefit of a person, he shall have a remedy upon the same statute for the thing enacted for his advantage or for the recompense of a wrong done to him contrary to the said law.'" (*Texas & Pacific Ry. Co.* v. *Rigsby*, 241 U. S. 33, 39.) It is urged by the defendant that what was said there has been restricted by what was said later by the same court in *Gilvary* v. *Cuyahoga Val. Ry. Co.* (292 U. S. 57). We do not so construe the later case. It holds only that where

Congress fails to provide expressly a statutory cause of action for breach of a statutory duty, the right to recover damages which is " implied according to the doctrine of the common law " is not entirely immune from interference by the State. It does not touch the question whether such " right " to recover damages is upon a " liability created by statute."

Upon that question this court has already indicated its opinion: " Where a statutory duty is imposed upon one for the direct benefit or protection of another and the latter is damaged because this duty is not performed a cause of action arises in his favor based upon the statute. (*Amberg* v. *Kinley*, 214 N. Y. 531.) * * * On the other hand, a statute or a city ordinance may be general in its character and may define the degree of care which one shall exercise in his calling or occupation. Failure to use such care is evidence more or less conclusive of negligence as to everyone." (*Di Caprio* v. *N. Y. C. R. R. Co.*, 231 N. Y. 94, 97.) Here it is plain that the safeguards have been commanded for the protection of the health of those employed in a particular occupation. The statute does not merely define the degree of care required in that occupation. It imposes an absolute duty upon employers to provide adequate and proper safeguards. In the performance of that duty there may be some room for discretion as to what safeguards may be proper and adequate. There are perhaps some gaps to be filled in by administrative regulations. Nevertheless liability for disregard of the statutory duty regardless of negligence is implied, according to the doctrine of the common law, and since such liability would not exist except for the statute, the liability is " created " by statute.

For these reasons the judgments of the courts below should be modified in accordance with this opinion and as so modified affirmed, without costs.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgment accordingly.