ISADORE FREITAG, Appellant, v. HARTFORD FIRE INSURANCE COMPANY and Others, Respondents.— Order affirmed, with ten dollars costs and disbursements. Memorandum: Whatever the nature of this action is, we find that all acts complained of occurred more than six years before the time of the commencement of the action, and if fraud is the basis of the action, the fraud was manifestly known to the plaintiff from its inception. All concur. (The order dismisses the complaint in an action for malicious prosecution.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

TOWN OF AMHERST, Respondent, v. TIDE WATER OIL SALES CORPORATION, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order denies a motion to dismiss the complaint for laches in prosecuting an action to recover damages caused by an explosion of gasoline in plaintiff's sewer lines. Present— Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ. [See 241 App. Div. 912.]

VERNON WEMETT, Appellant, v. NEW YORK CENTRAL RAILROAD COMPANY, Respondent.— Judgment affirmed, with costs. All concur. (The judgment, entered upon an order directed on minutes, dismissed the complaint on the opening of plaintiff's counsel in an action for personal injuries caused by collision of automobile with train.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

SALVATORE MACALUSO, Appellant, v. CO-OPERATIVE FOUNDRY COMPANY, Respondent.— Judgment and order modified on the law by eliminating therefrom the first alleged cause of action, and as modified affirmed, without costs, and as to first alleged cause of action motion denied, without costs. Memorandum: The first cause of action alleged in the complaint, namely, that for injury claimed to have been caused by defendant's breach of duty under the Labor Law, is not barred by the Statute of Limitations (*Schmidt* v. *Merchants Despatch Transportation Co.*, 270 N. Y. 287.) The allegations of the complaint, as to the first cause of action, are vague and indefinite as to the times when the breaches occurred, as well as to the statutory duties that were violated. A cause of action is, however, alleged, and generalities in the complaint can be made specific by a bill of particulars. The second, third, fourth and fifth causes of action alleged in the complaint are all barred by the Statute of Limitations and were properly dismissed by the Special Term. All concur. (The judgment is entered upon an order dismissing the complaint in an action for personal injuries, namely, contracting silicosis.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

GORSLINE & SWAN CONSTRUCTION COMPANY, Respondent, v. GEORGE BALLARD, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order denies defendant's motion to dismiss the complaint in an action by contractor to recover from subcontractor damages for defective work performed.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.