359

William L. Clay, of Rochester, N. Y., for plaintiff.

Harold J. Adams, of Buffalo, N. Y., for defendant.

KNIGHT, District Judge.

The complaint herein contains two alleged causes of action; one based upon violation of the Labor Law of the State of New York (Consol.Laws, c. 31), and the other upon negligence. The defendant now moves to dismiss the second cause of action upon the ground that it is barred by the Statute of Limitations, Civil Practice Act, § 49, subd. 6, and it also moves to require the plaintiff to make the complaint more· definite in certain respects. These motions should be considered together.

 The complaint alleges: "There was no injurious exposure after July, 1935." It does not allege when the last exposure occurred. It is essential that this be stated in order to determine the limitation period. The plaintiff's intestate died July 31, 1938. If the exposure continued until July 31, 1935, the three-year period of limitation would not expire until one day subsequent to the death. Under such circumstances the action is properly brought. If the last exposure was prior to July 31, 1935, the statute has run. Pieczonka v. Pullman Co., 2 Cir., 89 F. 2d 353; Schmidt v. Merchants Despatch Transp. Co., 270 N.Y. 287, 200 N.E. 824,

104 A.L.R. 450. Plaintiff states in her brief that "plaintiff's intestate worked within three years prior to the commencement of the action." The complaint contains no allegation to any such effect. The preceding statement does not even state where the deceased worked. Such an allegation, if made in the complaint, standing alone, is immaterial. The motion should be granted directing the plaintiff to amend the complaint to show the date of last exposure. The plaintiff offers to give the information sought in this and other respects asked by the defendant; but urges that she should not be required to amend the complaint in any of these respects. So far as the question of the date of the last exposure is concerned I disagree; as to the other matters, in view of the consent of the plaintiff, the motion to amend is denied.

The plaintiff sets up in the Eighteenth Paragraph of the second cause of action an allegation as to the amount of damages; an allegation, as hereinbefore stated, with reference to injurious exposure, and also alleges that Chapter 254 of the Laws of 1935 and Chapter 887, Laws of 1936, both made parts of the Workmen's Compensation Law of the State of New York (Consol.Laws, c. 67, § 3, subd. 2(28), are unconstitutional. These various allegations might more properly have been set forth in separate paragraphs. The defendant moves to strike the declarations in paragraph Eighteenth relating to the unconstitutionality of such acts. This motion must be granted. Rule 12(f) of the Federal Rules of Civil Procedure, 28 U. S.C.A. following section 723c. The allegations are redundant and immaterial. This allegation seems wholly inconsistent with the theory of the action. The statutes specifically except occupational diseases in which the last injurious exposure "occurred prior to September 1, 1935." It appears from the other allegations of the complaint that the plaintiff is exempt from the application of these statutes. Plaintiff is benefited by these statutes.

An order may be prepared in accordance herewith.