HARRIS ECKSTEIN and Others, Copartners, Trading under the Firm Name and Style of H. ECKSTEIN & SONS, Appellants, v. MASSACHUSETTS BONDING AND INSURANCE COMPANY, Respondent, and JULIUS GRABEL, Defendant.— On appeal by plaintiffs in an action against a city marshal and his surety from an order dismissing the complaint as against the surety upon the ground that it does not state facts sufficient to constitute a cause of action, order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, the respondent to serve its answer within twenty days from the entry of the order

hereon. The joint bond on which the action is predicated provides that the marshal shall "well and faithfully execute the duties of said office" and shall answer to the city "and any parties that may complain." Taking, as we must, the allegations of the complaint at their face, the marshal violated relevant statutes in conducting the sale under execution issued upon the Siegel judgment, thus making that sale void. Of the marshal's conduct in this respect the plaintiffs complain. The penalty clause of the bond has become operative, therefore, in their favor. The defendant marshal urges that the sale being void, the plaintiffs should have pursued the goods. Plaintiffs, in our opinion, however, had alternative remedies, and if they establish by proof the allegations of the complaint are entitled to hold the marshal and his surety (respondent) for damages. The circumstance that there are no decided cases authorizing recovery here is not controlling. Want of a precedent alone is not sufficient reason for turning a plaintiff out of court (*Roberson* v. *Rochester Folding Box Co.*, 171 N. Y. 538, 546), and novelty does not weigh against the soundness of a proposition of law. (*Piper* v. *Hoard*, 107 N. Y. 73, 76; *Kujek* v. *Goldman*, 150 id. 176, 178.) Violation of a duty imposed by statute may of itself create liability (*Schmidt* v. *Merchants Despatch Transp. Co.*, 270 N. Y. 287, 303), and where a violation of duty is shown, the nature of the cause of action need not be defined with meticulous accuracy. (*Bolivar* v. *Monnat*, 232 App. Div. 33, 38.) Hagarty, Johnston and Taylor, JJ., concur; Lazansky, P. J., and Adel, J., dissent and vote to affirm.