James H. Boomer, J.
In this action for money damages the complaint alleges that the defendant’s concrete mixing plant emitted a great deal of concrete dust which streamed into the plaintiff’s apartment building damaging the building, particularly the air conditioners and rugs; that the emission of the dust constituted a nuisance; and that the dust and noise created by the mixing plant prevented the plaintiff from renting all of its apartments.
*1044 Defendant moves to dismiss the complaint on the ground that the cause of action is barred by the three-year Statute of Limitations applicable to an action to recover damages for an injury to property (CPLR 214, subd. 4).
It is conceded that the defendant ceased operating its mixing plant in 1967 and that the acts constituting the nuisance last occurred at that time. This action was commenced in July, 1971, more than three years later. Plaintiff contends, however, that the dust did not cause damage to the air conditioners in its apartment building until after July of 1968, and, therefore, the cause of action for that damage was timely brought.
It is true that ‘ ‘ a cause of action accrues only when the forces wrongfully put in motion produce injury.” (Schmidt v. Merchants Despatch Transp. Co., 270 N. Y. 287, 300.) But, “ The injury occurs when there is a wrongful invasion of personal or property rights and then the cause of action' accrues.” (Schmidt v. Merchants Despatch Transp. Co., supra, p. 300.) Thus a cause of action accrued when a plaintiff inhaled dust and not later when the dust resulted in a lung disease (Schmidt v. Merchants Despatch Transp. Co., supra, p. 300); when a radiopaque substance was inserted into plaintiff’s sinuses and not later when the substance produced cancer of plaintiff’s eye (Schwartz v. Heyden Chem. Corp., 12 N Y 2d 212); and when the defendant last performed its pile driving operations and not later when the plaintiff’s adjoining building continued to develop cracks (Steinberg v. John Rosenblum, Inc., 205 Misc. 750, affd. 284 App. Div. 871).
Here the injury to plaintiff’s property occurred when there was a wrongful invasion of plaintiff’s property by the dust emitted from defendant’s plant. It is immaterial that the dust that entered the air conditioners may have later created additional damages. “Consequential damages may flow later from an injury too slight to be noticed at the time it is inflicted. No new cause of action accrues when such consequential damages arise.” (Schmidt v. Merchants Despatch Transp. Co., 270 N. Y. 287, 300, supra.)
The motion to dismiss the complaint is granted.