MARGARET M. KEARNEY, Respondent, v JEWISH MEMORIAL HOSPITAL et al., Appellants.

First Department, December 21, 1978

## APPEARANCES OF COUNSEL

*Leo Rothbard* of counsel *(Gladstein & Isaac,* attorneys), for Jewish Memorial Hospital, appellant.

*Richard J. Nealon* of counsel *(Barry, McTiernan & Moore,* attorneys), for Carl E. Rothschild, appellant.

*Arthur N. Seiff* of counsel *(John J. Tullman,* attorney), for respondent.

## OPINION OF THE COURT

LANE, J.

Margaret M. Kearney (Kearney) suffered a compound fracture of her left tibia and fibula on August 12, 1968. She was admitted to the emergency room of Jewish Memorial Hospital (the Hospital) on August 12, 1968, and a surgical reduction of the fracture was performed on that date by Dr. Carl E. Rothschild (Rothschild). Kearney was discharged from the Hospital on August 17, 1968. The surgery included the insertion of two screws into plaintiff's fractured bone. Kearney continued to be treated by Rothschild until April 8, 1969. She was not notified by Rothschild that the screws were inserted in her leg until April 8, 1969.

On April 11, 1969, Kearney went to another doctor for treatment. It was in April, 1969 that she was told that screws inserted in her leg had not held the bone fragments in place, and ultimately Kearney had another operation.

This action alleging malpractice was commenced against the Hospital by service of a summons and complaint on November 25, 1972, and against Rothschild by delivery of a summons and complaint to the Sheriff of New York County on January 18, 1973, and service upon Rothschild on January 22, 1973.*

Both Rothschild and the Hospital interposed as part of their defense the bar of the then three-year Statute of Limitations

---

* The date of January 18, 1972 mentioned in the opinion at Special Term is conceded by both parties to be in error.

(CPLR 214, subd 6). Each defendant moved at Special Term to dismiss the complaint as time-barred. Special Term denied the motion, relying on the "foreign-object" rule. We would reverse and dismiss the complaint against each defendant as time-barred.

The mechanical application of the three-year limitation period accruing from the date of occurrence of the malpractice, rather than its discovery, would clearly result in a dismissal as against both Rothschild and the Hospital, since the alleged malpractice took place on the date of the operation (namely, Aug. 12, 1968). Since service of process took place in November, 1972 against the Hospital, and January, 1973 against Rothschild, the actions would be time-barred.

■ Application of the "continuous-treatment" exception would not achieve a different result. This exception provides that continued treatment of a patient for the same injury allows the cause of action to accrue from the date of last treatment *(Borgia v City of New York,* 12 NY2d 151). The conceded last day of treatment of Kearney by Rothschild was on April 8, 1969, and the action against him was commenced on January 22, 1973, some three years and nine months after the last day of treatment. The Hospital discharged Kearney on August 17, 1968, and the action was commenced against the Hospital on November 25, 1972, four years after the discharge. Assuming *arguendo* that Rothschild was an employee of the Hospital and treatment by him would somehow be attributed to the Hospital, the case would still be time-barred against the Hospital, since the last day of treatment by Rothschild was April 8, 1969 and the Hospital was served on November 25, 1972, more than three years later.

■ Lastly, reliance by Special Term on the "foreign-object" exception to the bar of the Statute of Limitations was misplaced. That exception provides that when a foreign object is negligently left in a patient's body, the Statute of Limitations does not begin to run until the plaintiff could reasonably have discovered the malpractice *(Flanagan v Mount Eden Gen. Hosp.,* 24 NY2d 427). Assuming *arguendo,* further, that the screws are deemed to be a foreign object, the discovery of the malpractice regarding the screws occurred in April, 1969, and therefore the action would be time-barred.

We note further that, although this case arose prior to the statutory amendment, the Legislature excluded a "fixation device or prosthetic aid" from the term "foreign object" (CPLR

214-a, eff July 1, 1975), and we are therefore persuaded not to follow the ruling enunciated in *Murphy v St. Charles Hosp.* (35 AD2d 64) that a prosthetic device be deemed a foreign object.

Accordingly, the order of the Supreme Court, New York County (HUGHES, J.), entered February 2, 1977, denying defendants' motions to dismiss the complaint as time-barred, should be reversed, on the law, and the motions granted without costs or disbursements.

KUPFERMAN, J. P., BIRNS, SILVERMAN and FEIN, JJ., concur.

Order, Supreme Court, New York County, entered on February 2, 1977, unanimously reversed, on the law, without costs and without disbursements, and the motions to dismiss the complaint as time-barred granted.