OPINION OF THE COURT
Harold Baer, Jr., J.
Robert Goldsmith, the plaintiff, received a total hip replacement in or around November, 1973. The femoral component of the implant was a device known as a “Charnley Stem”, manufactured by the defendant Howmedica Inc. The operation was performed by Dr. Chitranjan S. Ranawat, a defendant. On or about June 19, 1981, the “Charnley Stem” broke. In addition to the manufacturer, and on or about March 18,1983, a summons and complaint for medical malpractice were served on Dr. Ranawat.
The fourth cause of action alleges that Dr. Ranawat negligently implanted the prosthetic device. Mr. Goldsmith also alleges physical and mental injuries and a loss of earnings as a result of the doctor’s negligence.
In the fifth cause of action, Lenore Goldsmith alleges she has suffered loss of consortium as a result of the doctor’s negligence.
The defendant has moved to sever both the fourth and fifth causes of action from the complaint, and for summary judgment. The motion will be treated as one for summary judgment.
A plaintiff must commence an action for medical malpractice “within two years and six months of the act, omission or failure complained of”. (CPLR 214-a; previous *474 to July 1,1975, the time period was three years, CPLR 214, subd 6.) There are exceptions; one provides for the period of limitations to commence at the conclusion of the last treatment where there has been a continuous course of treatment for the same condition, clearly not the case here (CPLR 214-a; see Borgia v City of New York, 12 NY2d 151). The second is where a foreign object has been negligently left in a patient’s body by a doctor. In such a case, the statute begins to run when the object is discovered (CPLR 214-a; see Flanagan v Mount Eden Gen. Hosp., 24 NY2d 427). Prosthetic devices, however, may not be defined as foreign objects in order for the plaintiff to utilize the Flanagan exception (cf. Kearney v Jewish Mem. Hosp., 65 AD2d 329, 331; contra Murphy v St. Charles Hosp., 35 AD2d 64 [abrogated by CPLR 214-a]).
Here, Goldsmith urges that his cause of action against the defendant doctor arose when the “Charnley Stem” broke; that the cause of action for negligence was not complete until he sustained an injury, and that the injury occurred seven and one-half years after the operation. Accordingly, his suit is timely commenced.
On this score, the language in Schmidt v Merchants Desp. Transp. Co. (270 NY 287, 300) is instructive:
“There can be no doubt that a cause of action accrues only when the forces wrongfully put in motion produce injury * * *
“That does not mean that the cause of action accrues only when the injured person knows or should know that the injury has occurred. The injury occurs when there is a wrongful invasion of personal * * * rights”.
Other courts, not without dissent, have been constrained to follow the Schmidt rule, even in products liability cases where a product is ingested or assimilated by the user. (See, e.g., Schwartz v Heyden Newport Chem. Corp., 12 NY2d 212 [injection of carcinogenic dye]; Thornton v Roosevelt Hosp., 47 NY2d 780 [injection of carcinogenic dye]; Steinhardt v Johns-Manville Corp., 54 NY2d 1008 [inhalation of carcinogenic dust]; Manno v Levi, 94 AD2d 556 [ingestion of carcinogenic drug diethylstilbestrol (DES)]; cf. Martin v Edwards Labs., 60 NY2d 417 [time to sue the manufacturer for personal injury caused by a malfunction *475 ing prosthetic device implanted into the human body runs from the date of injury caused by the malfunction].)
Under judicial interpretation of the predecessor statute (CPLR 214), a cause of action for medical malpractice accrued at the time of the commission of the alleged act or omission of malpractice. (See Davis v City of New York, 38 NY2d 257, 259.) CPLR 214-a simply codified the time of act or omission accrual rule. Moreover, 214-a was one of a package of bills designed to:
“deal * * * with the critical threat to the health and welfare of the State * * * as a result of the lack of adequate medical malpractice insurance * * * at reasonable rates 5*í
“[Also] by placing reasonable restrictions on statutes of limitations * * * the bill would assure more prompt and fair disposition of medical malpractice actions and thereby reduce insurance rates.” (See Governor’s Mem, L 1975, ch 109, NY Legis Ann, 1975, pp 225, 419.)
The law seems clear that, for the moment at least, the Statute of Limitations for personal injury caused by medical malpractice with respect to the implantation of a prosthetic device which later malfunctions, runs from the date of implantation.
Finally, although CPLR 214-a does not apply to a cause of action arising prior to July 1,1975, the legislative intent embodied in that section has been given effect in cases arising before the effective date "of the amendment. (See Matter of Beary v City of Rye, 44 NY2d 398; Feigelson v Ryan, 108 Misc 2d 192.)
Accordingly, the defendant doctor’s motion for summary-judgment is granted and the fourth and fifth causes of action are dismissed.