■ ROBERT GOLDSMITH et al., Appellants, v HOWMEDICA, INC., Defendant, and CHITRANJAN S. RANAWAT, Respondent. — Appeal from the order, Supreme Court, New York County (Harold Baer, Jr., J.), which granted the motion by defendant Chitranjan S. Ranawat for summary judgment dismissing the fourth and fifth causes of action as against him, is dismissed as superseded by the appeal from the order of May 1, 1984, without costs.

Order of the Supreme Court, New York County (Harold Baer, Jr., J.), entered on May 1, 1984, which granted plaintiff's motion to renew and reargue and, upon renewal and reargument, adhered to the court's original determination, is affirmed, without costs.

Plaintiff herein received a total hip replacement in or around November of 1973. The prosthetic device implanted in him was produced by defendant Howmedica, Inc., and the operation was performed by defendant Chitranjan S. Ranawat. The device broke in June of 1981, and in March of 1983, plaintiff instituted suit against both the manufacturer and Dr. Ranawat, charging the latter with medical malpractice. Dr. Ranawat thereafter successfully moved to dismiss the action as against him pursuant to CPLR 3211 (a) (5), 3212 on grounds of the Statute of Limitations. It was defendant's contention that since the prosthetic device at issue was not a foreign object within the meaning of CPLR 214-a, the applicable period of limitations was three years. Thus, the time to commence suit began to run on the date of surgery, when the alleged malpractice occurred, or on the last day that the plaintiff consulted the defendant, which was on November 25, 1974. The plaintiff, on the other hand, argued on behalf of extending the principle of law enunciated in *Martin v Edwards Labs.* (60 NY2d 417) to situations involving medical

malpractice. According to the Court of Appeals therein, a cause of action in a products liability case accrues when the product first malfunctions and results in injury.

However, notwithstanding the fact that rules which bar causes of action before liability actually arises are not generally regarded with favor, they still retain considerable viability. (*See, Fleishman v Lilly & Co.,* 62 NY2d 888; *Matter of Steinhardt v Johns-Manville Corp.,* 54 NY2d 1008, *appeal dismissed and cert denied* 456 US 967; *Reis v Pfizer, Inc.,* 48 NY2d 664; *Thornton v. Roosevelt Hosp.,* 47 NY2d 780.) By modifying the standard limitations rules only as to instances of contamination by Agent Orange, wherein suit may be brought within two years of the time of discovery of the injury (CPL 214-b), the Legislature has in effect reaffirmed them. As the Court of Appeals declared in *Fleishman v Lilly & Co.* (*supra,* p 890: "Any departure from the policies underlying these well-established precedents is a matter for the Legislature and not the courts." Although the Second Department has adopted a rule applying the same standard to both products liability and malpractice claims (*Reyes v Bertocchi,* 92 AD2d 863), we believe that prevailing statutory provisions and legal authority preclude us from taking such an approach. Concur — Sullivan, J. P., Asch, Bloom, Fein and Milonas, JJ. [123 Misc 2d 473.]