DENNIS A. DUFFY, as Administrator of the Estate of DENNIS DUFFY, JR., Deceased, Plaintiff, *v.* E. I. DU PONT DE NEMOURS & COMPANY et al., Defendants.

Supreme Court, Special Term, Kings County, June 30, 1948.

*Robert E. Curran* for M. A. Henry, Inc., defendant.

*Louis Feren* for plaintiff.

LIVINGSTON, J. Plaintiff, as administrator of the goods, chattels and credits of Dennis Duffy, Jr., an infant, sues herein for damages for personal injuries, pain and suffering, sustained by the infant on January 12, 1944, and from which injuries he died on January 27, 1944.

The plaintiff was appointed administrator on March 18, 1944, and commenced the present action on April 21, 1948. Defendant M. A. Henry, Inc., moves to dismiss the complaint upon the ground that the action is barred by the three-year Statute of Limitations.

Ordinarily an action for personal injuries accrues at the time of the injury and an action brought by an executor or administrator to recover for such injuries would be governed by the three-year period of limitations (*Stutz* v. *Guardian Cab Corp.*, 273 App. Div. 4, 10). The situation presented here, however, is a little different for the reason that when the accident befell the infant he had the right to delay any action to recover for consequent personal injuries until one year after he attained the age of twenty-one years (Civ. Prac. Act, § 60; *Frehe* v. *Schildwachter*, 289 N. Y. 250, 252). Such disability was removed, however, by the death of the infant on January 27, 1944, and from that time on, the right to maintain an action for the personal injuries sustained by the infant rested with the administrator pursuant to sections 119 and 120 of the Decedent Estate Law. Significantly, section 120 of the Decedent Estate Law provides in part: " § 120. LIMITATIONS UPON RECOVERY WHERE INJURY CAUSES DEATH. Where an injury causes the death of a person the damages recoverable for such injury shall be limited to those accruing before death, and shall not include damages for or by reason of death. *The damages recovered shall form part of the estate of the deceased.*

" Nothing herein contained shall affect the cause of action existing in favor of the next of kin under section one hundred

and thirty of this chapter. Such cause of action and the cause of action in favor of the estate to recover damages accruing before death may be prosecuted to judgment in a single action; a separate verdict, report or decision shall be rendered as to each cause of action.'' (Italics mine.)

It seems clear from the foregoing that the disability mentioned in section 60 of the Civil Practice Act ceased upon the death of the infant and that the administrator had the right subsequent to the death to prosecute the action for the benefit of the estate of the deceased. The gravamen of the action, however, still remains as one to recover for personal injuries, and it is therefore governed by section 49 of the Civil Practice Act and by the rule enunciated in the *Stutz* case (*supra*).

It is to be noted, however, that section 60 of the Civil Practice Act provides that the period of limitation is suspended until '' one year after the disability ceases.'' Certainly upon the death of the infant the disability in the present case ceased and consequently we should apply either the three-year .Statute of Limitations from the date the infant sustained the injuries or the one-year period after the disability ceased, whichever is the longer period (*Matter of McKee* v. *White,* 218 App. Div. 300, affd. 244 N. Y. 610).

It is my opinion, therefore, that more than three years having elapsed since the injuries were sustained by the infant, and more than one year having elapsed since his death, the cause of action is barred.

Defendant's motion to dismiss the complaint is granted. Submit order.