PETER PITTI, Individually and as Administrator of the Estate of LEONARD PITTI, Deceased, Plaintiff, v. DAVID WARSHAW et al., Individually and as Copartners, Formerly Doing Business under the Name of DOCTORS HOSPITAL OF QUEENS, et al., Defendants.

Supreme Court, Special Term, Queens County, June 27, 1962.

*Casper B. Ughetta* for David Warshaw and another, defendants appearing specially. *Martin, Clearwater & Bell* for Abraham G. White, defendant. *Jesse S. Richman* for Thomas Murphy, defendant. *Segan & Culhane* for plaintiff.

HAROLD J. CRAWFORD, J. Defendants Warshaw and Wein, sued individually and as copartners formerly doing business as Doctors Hospital of Queens, defendant White and defendant Murphy move, by separate notice of motion, to dismiss the complaint pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice on the ground that the causes of action therein contained are barred by the Statute of Limitations.

The complaint contains two causes of action, each asserted against all defendants. The first is to recover damages for the personal injuries and pain and suffering of the infant decedent prior to his death and the second is to recover damages for his wrongful death. Both causes of action are based upon defendants' alleged negligence.

The infant, Leonard Pitti, died on July 31, 1959, at the age of 19 years. Letters of administration were issued to his father, plaintiff Peter Pitti, on January 5, 1961. Defendant Warshaw died on May 25, 1960.

This action was commenced against defendant White by personal service of the summons on October 21, 1961, and against defendant Murphy by substituted service of the summons on March 30, 1962. Neither defendant Warshaw nor his personal representative was ever served. While defendant Wein, by his

attorney, denies that personal service of the summons was made upon him, the affidavit by the process server states that said defendant was personally served with a summons with notice on September 7, 1961.

Before turning to the question of whether either or both of the causes of action are barred by the Statute of Limitations and, if so, as to whom, the court notes that while the attorney for defendants Warshaw and Wein, doing business under the name of Doctors Hospital of Queens, and for defendant Wein individually, purports to appear specially, the motion, which is one attacking the complaint in point of law, constitutes a general appearance in the action (Civ. Prac. Act, § 237; *Montgomery* v. *East Ridgelawn Cemetery,* 182 Misc. 562, affd. 268 App. Div. 857). Furthermore, the moving affidavit is made by said defendants' attorney, who does not have personal knowledge of the facts, and thus is insufficient to raise an issue as to the service of process (Civ. Prac. Act, § 237-a, subd. 3). Accordingly, the court accepts the statement in the affidavit of the process server that defendant Wein was personally served with a summons with notice on September 7, 1961.

The first cause of action is barred against all defendants except Warshaw individually. The time limited for commencing an action for malpractice is two years (Civ. Prac. Act, § 50, subd. 1). The last alleged act of malpractice occurred on July 31, 1959. The disability of infancy ceased upon death (*Blessington* v. *McCrory Stores Corp.,* 198 Misc. 291, 296, affd. 279 App. Div. 806, affd. 305 N. Y. 140; *Duffy* v. *E. I. du Pont de Nemours & Co.,* 193 Misc. 175, affd. 274 App. Div. 908, motion for leave to appeal denied 299 N. Y. 798), to wit, on July 31, 1959, and the time limited for commencing the action not only did not expire before the disability ceased, but did not in fact start to run until that date, which was, as already noted, the date upon which the last alleged act of malpractice occurred (cf. Civ. Prac. Act, § 60). Section 20 of the Civil Practice Act does not extend the two-year period in the instant case because the infant died more than one year prior to the expiration of that time.

The death of defendant Warshaw, however, on May 25, 1960, before the expiration of the time limited for commencing an action against him, extended by 18 months the time within which an action might be commenced against his executor or administrator (Civ. Prac. Act, § 21).

The second cause of action is also barred against all defendants except Warshaw individually. Section 130 of the Decedent Estate Law provides, in pertinent part, that "an action to recover damages for a wrongful act, neglect or default, by which

the decedent's death was caused   *   *   *   must be commenced within two years after the decedent's death." The decedent, as previously noted, died on July 31, 1959, at which time the disability of infancy ceased (*Blessington* v. *McCrory Stores Corp., supra*; *Duffy* v. *E. I. du Pont de Nemours & Co., supra*).

As to defendant Warshaw, however, this cause of action, too, is not barred (Civ. Prac. Act, § 21; *McDonough* v. *Cestare,* 3 A D 2d 201).

So far as the partnership is concerned, the same Statutes of Limitation apply (*Golia* v. *Health Ins. Plan of Greater N. Y.,* 6 A D 2d 884, 885, affd. 7 N Y 2d 931) and, in any event, section 222-a of the Civil Practice Act was no longer applicable after May 25, 1960, when the death of defendant Warshaw effected dissolution of the partnership (Partnership Law, § 62, subd. 4; *Stikeman* v. *Whitman, Requardt & Smith,* 272 App. Div. 627, 631, appeal dismissed 297 N. Y. 951).

Accordingly, the motions of defendants Wein, White and Murphy are granted. To the extent that any motion was purportedly made on behalf of defendant Warshaw individually, it is denied (see *Angelo* v. *Angelo,* 282 App. Div. 981, cited with approval in *Stolz* v. *New York Cent. R. R. Co.,* 7 N Y 2d 269, 276; *Muller* v. *National Transp. Co.,* 10 Misc 2d 800, 801).