OPINION OF THE COURT
Ira Gammerman, J.
Defendants (E. R. Squibb & Sons, Abbott Laboratories, Merck & Co., The Upjohn Company and Eli Lilly & Company) move pursuant to CPLR 3211 (a) (5) and/or 3212 for partial summary judgment dismissing plaintiffs wrongful death claims as barred by the Statute of Limitations.
Plaintiff, as administrator of the estate of his deceased daughter, Susan Greene, relies on the revival statute (L 1986, ch 682, § 4)* to commence this products liability action to recover for injuries allegedly related to decedent’s exposure to diethylstilbestrol (DES) in 1950 to 1951 while decedent’s mother was pregnant. Susan Greene was born on February 9, 1951 and died at the age of 18 on March 9, 1969 of clear cell adenocarinoma of the vagina. The two-year Statute of Limitations for wrongful death claims contained in EPTL 5-4.1 commenced at the date of death. No wrongful death or per *426 sonal injury action was instituted prior to the commencement of this action on June 3, 1987.
The revival provision which did not become part of the CPLR revived for one year certain otherwise time-barred personal injury claims relating to the exposure to or ingestion of five substances, including DES. Also revived were certain wrongful death claims which had previously been barred on Statute of Limitations grounds. The statute specifically excluded from revival "any action for a wrongful act, neglect or default causing a decedent’s death which was not barred as of the date of decedent’s death and could have been brought pursuant to section 5-4.1 of the estates, powers and trust [sic] law”. (L 1986, ch 682, § 4.)
This dispute involves the breadth of the language excluding certain wrongful death claims from revival. Although decedent’s claim was not barred at the time of her death because of the toll for infancy (CPLR 208) plaintiff contends that the wrongful death claims are still not excluded from revival as claims that "could have been brought” because while decedent’s representatives were aware of her injuries at the time of death and that her death was due to cancer, the causal connection between DES and that cancer was not well established in 1969.
Plaintiff’s logic is unpersuasive in view of the reform legislation as a whole. In essence, plaintiff, by arguing that the "could have been brought” language relates to the state of scientific knowledge during that period, urges the court to engraft onto the revival section the equivalent of the discovery rule provided for in CPLR 214-c, which was passed as part of the same legislative package.
The "could have been brought” limitation refers to the timeliness of the action and not to the state of knowledge during the relevant time period. While it is arguably unfair that plaintiff falls within the exception to revival only because the decedent died while still an infant, that result is nonetheless mandated by the statute.
The reform legislation providing for: (1) the one-year revival of time-barred claims relating to latent effects of exposure to the five specified substances; and (2) the new discovery-based Statute of Limitations applicable to non-time-barred toxic tort claims generally is the result of extensive legislative study, debate and compromise. The purpose of the legislation was to correct the injustice caused by the old exposure-based Statute *427 of Limitations which sometimes barred claims involving latent injuries caused by exposure to toxic substances before the victim was even aware of any injury. In response, after years of debate, the Legislature amended the Statute of Limitations (CPLR 214-c) to provide that toxic tort claims that were not yet time barred must be brought within three years of discovery of the injury. At the same time, the Legislature enacted the revival provision at issue in this case, which revived for a one-year period, which has since expired, otherwise time-barred claims relating to exposure to the five toxic substances. The discovery rule was considered by the Legislature and included only in the section relating to claims that are not yet time barred (CPLR 214-c) and not in the revival portion of the package. Clearly, the Legislature was cognizant of the difficulties and potential inequities relating to discovery of latent injuries caused by toxic substances and the limits placed upon claimants by the state of scientific or medical knowledge at a given time. Still, the Legislature decided not to include a discovery rule in the revival provision and determined that only certain wrongful death claims should be revived.
Although the legislative design may work an injustice in this case merely because the decedent died while under disability of infancy, it would be improper to judicially extend the revival provision as it relates to wrongful death claims. The need for such an extension must be left for consideration by the Legislature. This decision speaks only to the viability of plaintiffs wrongful death claim and does not address the availability of a remedy for her pain and suffering prior to death.
Plaintiff further contends that defendants are estopped from asserting the bar of the Statute of Limitations because defendants’ wrongful conduct prevented the timely commencement of this action. Presumably, plaintiff refers to allegations thát DES manufacturers misled consumers and breached a continuing duty to warn of risks associated with DES by concealing facts which would have connected decedent’s cancer and death with the ingestion of DES by her mother. Plaintiffs contentions relating to concealment of unspecified facts are insufficient to extend the Statute of Limitations. Moreover, it has been held that a manufacturer’s duty to warn consumers of known defects in its products may not act to toll the Statute of Limitations relating to a wrong which has already occurred. Finally, plaintiff has presented no evidence to raise an issue of fact regarding equitable estoppel to toll the Statute of Limita *428 tions because of any concealment of facts (see, Fleishman v Lilly & Co., Sup Ct, Queens County, Dec. 18, 1981, index No. 2259-80, affd 96 AD2d 825, ajfd 62 NY2d 888).
Accordingly, the motion to dismiss plaintiffs claims for wrongful death (second, fourth and sixth causes of action) is granted.

 The revival provision states:
"§ 4. Notwithstanding any other provision of law, including sections fifty-e and fifty-i of the general municipal law, section thirty-eight hundred thirteen of the education law and the provisions of any general, special or local law or charter requiring as a condition precedent to commencement of an action or special proceeding that a notice of claim be filed or presented, every action for personal injury, injury to property or death caused by the latent effects of exposure to diethylstilbestrol, tungsten-carbide, asbestos, chlordane or polyvinylchloride upon or within the body or upon or within property which is barred as of the effective date of this act or which was dismissed prior to the effective date of this act solely because the applicable period of limitations has or had expired is hereby revived and an action thereon may be commenced provided such action is commenced within one year from the effective date of this act; provided, however, that this section shall not revive any action for damages for a wrongful act, neglect or default causing a decedent’s death which was not barred as of the date of the decedent’s death and could have been brought pursuant to section 5-4.1 of the estates, powers and trust [sic] law, and provided, further that for any revived claim or action, including third party claims and claims for contribution pursuant to article fourteen of the civil practice law and rules for which a notice of claim is or would have been required by law as a condition precedent to the claim or action, a notice of claim shall not be required.
"This section shall not be applicable to any action for medical or dental malpractice.” (L 1986, ch 682, § 4.)