■ ALBERT GREENE, as Administrator of the Estate of SUSAN GREENE, Deceased, Appellant, v ABBOTT LABORATORIES et al., Respondents, et al., Defendants.—Order, Supreme Court, New York County (Ira Gammerman, J.), entered February 2, 1988, which granted the motion of defendants Merck, Abbott Laboratories, the Upjohn Company, E. R. Squibb & Sons, Inc., and Eli Lilly & Co. to dismiss the second, fourth and sixth causes of action of the complaint for wrongful death as barred by the Statute of Limitations, and the judgment of the same court entered thereon on March 3, 1988 are unanimously affirmed, without costs.

On March 9, 1969, one month after her 18th birthday, plaintiff's intestate, his daughter Susan, died allegedly from a type of cancer which had developed three years before, brought on because her mother had taken the drug diethylstilbestrol (DES) while pregnant with Susan in 1950 and 1951. Defendants-respondents are all manufacturers of this drug.

Plaintiff, as Susan's administrator, commenced this action in June and July 1987 asserting three causes of action for personal injury and three causes of action for wrongful death. We are only concerned with the latter here.

The IAS court granted respondents' motion to dismiss the wrongful death causes of action on the ground that they are barred by the applicable Statute of Limitations. At issue on this appeal is whether the so-called one-year "revival" statute for injury arising from ingestion of five toxic substances (including DES) (L 1986, ch 682, § 4) operates in this action so as to resurrect plaintiff's otherwise time-barred wrongful death claims or, in the alternative, whether, by virtue of respondents' wrongful conduct, they are estopped from raising this defense.

The revival statute provides: "[E]very action for personal injury, injury to property or death caused by the latent effects of exposure to diethylstilbestrol [and four other substances] upon or within the body or upon or within property which is barred as of the effective date of this act or which was dismissed prior to the effective date of this act solely because

the applicable period of limitations has or had expired is hereby revived and an action thereon may be commenced provided such action is commenced within one year from the effective date of this act;* *provided, however, that this section shall not revive any action for damages for a wrongful act, neglect or default causing a decedent's death which was not barred as of the date of the decedent's death and could have been brought pursuant to section 5-4.1 of the estates, powers and trust law"* (emphasis added).

It is clear to us that in the two years following the death of plaintiff's intestate, an action by her administrator "was not barred as of the date of the decedent's death and could have been brought pursuant to section 5-4.1 of the estates, powers and trust law". From this conclusion, we hold that the present action, brought 18 years after decedent's death, is time barred.

The two-year limitation period contained in EPTL 5-4.1 commences to run from the date of decedent's death *(Matter of Velez v MVAIC,* 56 AD2d 764; *Bonilla v Abbott,* 113 AD2d 861, 862). Thus, plaintiff had two years to assert in a timely fashion wrongful death causes of action. Such an action would have complied with a further prerequisite for a viable wrongful death claim, namely, the existence of a still timely personal injury claim on the date of death.

Ordinarily, a decedent's failure to commence a timely personal injury claim bars any subsequent action for wrongful death *(Fontheim v Third Ave. Ry. Co.,* 257 App Div 147, 149; *Myers v City of Plattsburgh,* 13 AD2d 866). In this case decedent's personal injury claims were tolled during her infancy under CPLR 208 (which at that time provided for the disability of infancy until age 21). When decedent died on March 9, 1969, prior to her 21st birthday, this terminated the toll of the Statute of Limitations *(see, Duffy v Du Pont de Nemours & Co.,* 193 Misc 175, *affd* 274 App Div 908). Thus, plaintiff had until March 9, 1971 to interpose a timely claim for wrongful death. Here, however, plaintiff waited until 16 years after the two-year period provided in EPTL 5-4.1 had expired.

Plaintiff now argues that the language "could have been brought" (L 1986, ch 682, § 4 [referring to a wrongful death action]) should be construed as referring to plaintiff's capabil-

---

* The act became effective on July 30, 1986; the one-time revival period expired one year later. This action was therefore commenced within the revival period.

ity to commence a wrongful death action, capability being deemed to encompass sufficient knowledge of the causal connection between the ingestion of DES by the pregnant mother and the development of latent cancer by the affected child. Plaintiff alleges that it was not until some time in the 1970's that plaintiff's wife became aware of this tragic consequence of the use of DES. According to plaintiff, this medical knowledge became widely disseminated only following the publication of an article in 1971 in the New England Medical Journal. We hold that if the Legislature had intended to have the revival statute address the state of technical or scientific knowledge at the time of the alleged wrongful death, it would have used language similar to the provisions of CPLR 214-c, which were drafted expressly to tie the definition of accrual of a personal injury action to discovery with due diligence of the harm. It is thus apparent that when the Legislature wished to provide for discovery as the accrual point of a cause of action it knew how to do so, and the ameliorative discovery alternative cannot arise by implication or judicial gloss.

Further, the doctrine of equitable estoppel foreclosing a limitation defense has no application to this case. Plaintiff discovered the causal connection between the ingestion of DES by the mother and the infliction of cancer upon decedent daughter some time in the early 1970's. The subsequent delay in bringing this action evidences a lack of due diligence on the plaintiff's part, and diligence is an essential ingredient of equitable estoppel *(Simcuski v Saeli,* 44 NY2d 442, 450). Additionally, plaintiff has failed to show that defendants made any misrepresentation upon which they relied in delaying the timely commencement of the action *(see, Powers Mercantile Corp. v Feinberg,* 109 AD2d 117, 121-122, *affd* 67 NY2d 981).

For the foregoing reasons, we affirm the order appealed from. Concur—Kupferman, J. P., Asch, Wallach, Smith and Rubin, JJ. *[See,* 137 Misc 2d 424.]