(November 15, 1990)

■ In the Matter of the Arbitration between ALLSTATE INSURANCE COMPANY, Respondent, and NANCY MICHEL et al., Respondents; AAA TRUCKING COMPANY, Appellant.—Order and judgment (one paper) of the Supreme Court, New York County (Beatrice Shainswit, J.), entered on June 12, 1989, which, *inter alia,* estopped respondent AAA Trucking Company from asserting the Statute of Limitations as a defense to any action arising out of an automobile accident occurring on March 6, 1985, is unanimously reversed on the law to the extent appealed from and that portion of the order and judgment foreclosing AAA Trucking Company from interposing a defense of Statute of Limitations is vacated, without costs or disbursements.

On March 6, 1985, a Chevrolet automobile, owned by Edna Labrouse and insured by petitioner Allstate Insurance Company, but operated by respondent Nancy Michel, was involved in an accident with a truck owned by respondent-appellant AAA Trucking Company and driven by its employee, William E. Kent. Respondents Margaret Sanon and Pierre Sanon were passengers in the Chevrolet. Although there is no indication, or, indeed, any claim that the incident concerned a hit and run, the parties apparently did not exchange full information on the scene, and, subsequently, Lawrence Babitch, attorney for the occupants of the Chevrolet, in a letter dated March 15, 1985, wrote to AAA Trucking, advising it that he represented Michel and the Sanons and that his client had sustained personal injuries in an accident which had occurred on March 6, 1985. On March 20, 1985, Richard P. Knott, appellant's director of insurance, responded by letter that AAA Trucking Corporation (apparently named incorrectly herein as AAA Trucking Company) had no record of such an accident and requested that Babitch supply detailed information with respect to the incident. The communication also advised that upon receipt of this information, "we will be happy to look into the matter further." However, no reply was ever sent to appellant's letter of March 20, 1985. Instead, Babitch filed for uninsured motorist arbitration with the carrier for the owner of the Chevrolet, Allstate Insurance Company. Allstate, in turn, having determined that AAA Trucking was a large and

financially responsible organization which was certainly insured, commenced the instant proceeding on August 27, 1986 to stay arbitration. In opposition to Allstate's petition, Babitch affirmed that Michel and the Sanons were "all injured because of an uninsured motorist, AAA Trucking Company."

Accordingly, in a decision dated October 14, 1986, the court directed that a hearing be held on the issue of whether AAA Trucking was insured and granted leave to add AAA Trucking as a respondent in the proceeding. The court, further, ordered that a note of issue be filed. Yet, no note of issue was served and filed by Allstate until July 5, 1988. In the meantime, the Statute of Limitations on any possible negligence action against AAA Trucking expired on March 6, 1988. The hearing was finally scheduled for November 7, 1988, and Babitch, in a letter dated October 17, 1988, notified appellant that it must appear in person at the Supreme Court, New York County, on November 7, 1988 "or a default judgment may be rendered against your company" notwithstanding that the only question to be heard at the hearing was whether AAA Trucking had insurance coverage. It should be noted that appellant claims that it did not actually learn about the details of the accident until it received and read Allstate's original petition to stay the uninsured motorist arbitration, which was annexed to Allstate's motion to add Transport Insurance Company, AAA Trucking's insurer, to the proceeding. At that time, Richard P. Knott, after reviewing appellant's records, was able to locate the accident report submitted to the company by its driver, William E. Kent. On November 15, 1988, Knott requested that Eschen & Eschen appear on appellant's behalf to oppose Allstate's motion to add Transport Insurance Company. In an order dated January 12, 1989, the court denied Allstate's application on the ground of laches for petitioner's lengthy delay in filing a note of issue.

The hearing on the question of AAA Trucking's insurance coverage was thereafter scheduled for March 23, 1989. Eschen & Eschen complied with Allstate's subpoena for accident reports relating to the incident and for information regarding appellant's insurance and produced this material on March 23, 1989. Present on that date were Babitch, an attorney from Eschen & Eschen, and a lawyer for Allstate. Instead of a hearing being conducted, the parties convened in the Judge's Chambers; no reporter was in attendance. Appellant contends that almost immediately Babitch began accusing AAA Trucking of fraud and making misrepresentations to him about the latter's involvement in the accident, and, while reading to the

court that portion of appellant's letter of March 20, 1985 wherein Knott wrote that AAA Trucking had no record of the incident, deliberately omitted that part containing the request for more information and Knott's statement that "we will be happy to look into the matter further." Allstate's counsel then gave the Judge a memorandum of law in which, appellant later discovered, it was argued that AAA Trucking should be estopped from asserting the Statute of Limitations as a defense in a prospective personal injury action arising out of the accident of March 6, 1985.

Notwithstanding that the issue of the limitations period was not before the court, that appellant had not been accorded advance notice or, indeed, any opportunity to provide its version of the facts, that it was not served with a copy of the memorandum of law or any other document informing it of the purported misrepresentation and that no personal injury action had yet been brought, the Judge, evidently under the impression that AAA Trucking had endeavored to deny Michel and the Sanons their "day in court", agreed with Allstate and Babitch that appellant should be precluded from raising the Statute of Limitations in any future personal injury suit. Such an action has now, in fact, been commenced.

It should be noted that the court's action in summarily granting estoppel against AAA Trucking in a matter over which it was not presiding and had not yet even been instituted constitutes a clear violation of due process. Equally significant is that negligence is simply insufficient to support application of equitable estoppel to a Statute of Limitations defense (Simcuski v Saeli, 44 NY2d 442), and the court herein appears to have based her ruling on AAA Trucking's supposed negligence and not the sort of "purposeful concealment and misrepresentation of the fact and consequences of the malpractice" (Simcuski v Saeli, supra, at 454) contemplated by the Court of Appeals therein. Certainly, it would be highly improper for a court to make a finding of purposeful concealment and misrepresentation, adequate to warrant imposition of estoppel merely from a brief, off-the-record meeting in Chambers which is, moreover, done in the absence of notice and an opportunity to be heard. Similarly, it would be inappropriate for the Judge to conclude, under these conditions, that AAA Trucking was negligent. Aside from the questionable procedure under which the court's decision was undertaken here, the record is devoid of any indication that AAA Trucking can be charged with, at most, more than failing to conduct a more exhaustive investigation of its files from the

scanty information initially provided by Babitch, and this is hardly a reason to justify the drastic remedy of equitable estoppel.

Further, due diligence in bringing an action is an essential element of equitable estoppel *(Simcuski v Saeli, supra; Greene v Abbott Labs.,* 148 AD2d 403). In the instant situation, it is clear that Babitch knew, or at least should have been aware, by 1986, at the latest, that AAA Trucking owned the other vehicle in the accident, and, at this juncture, it would have been a simple matter to determine whether there was insurance coverage. Instead, Babitch apparently made no effort to ascertain the facts surrounding appellant's insurance notwithstanding his having been put on notice that AAA Trucking was, in fact, likely to be insured, and he did not commence a negligence action until the expiration of the limitations period despite having ample time to do so. Consequently, regardless of whether or not AAA Trucking committed intentional misrepresentation, there has been no showing of the requisite due diligence on the part of Michel and the Sanons. Under no reasonable measure should equitable estoppel have been ordered.

The order of this court entered on August 9, 1990 and the memorandum decision released therewith [164 AD2d 776] are hereby recalled and vacated. Concur—Murphy, P. J., Carro, Milonas and Ellerin, JJ.