921 F.2d 405
 Prod.Liab.Rep.(CCH)P 12,745
Nancy Cassese MONTE, Individually and as Administratrix of
the Estate of Albert J. Cassese, Plaintiff-Appellant,
v.
NATIONAL GYPSUM COMPANY; AC & S Inc.; Armstrong World
Industries, Inc., f/k/a Armstrong Cork Co.; The Celotex
Co., Individually and as a Successor in Interest to Philip
Carey Manufacturing Co., Philip Carey Corp., Briggs
Manufacturing Co., Smith & Kanzler Corp., and Panacon Corp.;
Eagle-Picher Industries, Inc; GAF Corporation; Nicolet,
Inc., Individually and Successor in Interest to
Keasbey-Mattison Co.; Raymark Industries Inc., Individually
and as Successor in Interest to Raybestos-Manhattan Inc.;
Owens-Corning Fiberglas Corp., U.S. Mineral Products Co.,
H.K. Porter Co., Inc., Individually and Successor to
Southern Textile Corp., and Southern Asbestos Co.; The
Flintkote Co.; Carey Canada Inc.; Fibreboard Corp.; Rock
Wool Manufacturing Co., Inc.; Owens-Illinois Inc.; Turner
& Newall, PLC, Individually and as Successor to
Keasbey-Mattison Corp.; United States Gypsum Co.; Dana
Corp., Individually and as Successor to Smith & Kanzler Co.,
and Victor Gasket Co.; CertainTeed Corp.; TAF
International Ltd., Formerly Turner Asbestos Fibers Ltd.,
Pittsburgh-Corning Corp., Individually and as Successor to
Unarco Ind., Defendants-Appellees.
 No. 177, Docket 90-6143.
 United States Court of Appeals,
Second Circuit.
 Argued Sept. 17, 1990.
Decided Sept. 17, 1990.
Opinion Filed Dec. 11, 1990.
 
 Steven J. Phillips, New York City (Levy Phillips & Konigsberg, New York City, Diane Paolicelli, Alani Golanski, of counsel), for appellant.
 Steven Cooper, New York City (Anderson Kill Olick & Oshinsky, P.C., New York City, Frank S. Occhipinti, of counsel), for certain appellees.
 Before OAKES, Chief Judge, MESKILL, Circuit Judge, and RESTANI, Judge.*
 RESTANI, Judge:
 
 
 1
 Nancy Cassese Monte ("appellant") appeals from an order of the United States District Court for the Eastern District of New York, dated December 29, 1989, Charles P. Sifton, Judge, which granted defendants'[1] Motion for Partial Summary Judgment, seeking dismissal of appellant's wrongful death claim based on the applicable statute of limitations. For the following reasons we affirm the trial court's ruling.
 
 BACKGROUND
 
 2
 Appellant's husband, Albert J. Cassese, was exposed to asbestos while employed at the Brooklyn Navy Yard from 1938 to 1947. Mr. Cassese died of asbestosis on November 26, 1947. It is undisputed that the decedent was exposed to asbestos materials through at least June 1945, a time within three years of his death.
 
 
 3
 Appellant seeks to revive this wrongful death action pursuant to Section 4 of the New York Toxic Tort Reform Act of 1986 (the "revival statute"). Ch. 682, L.1986, Sec. 4, reprinted in 1 McKinney's Session Laws of New York 1567 (West 1986). The revival statute allowed plaintiffs a one-year period in which to bring certain claims arising from exposure to toxic materials if the claims were time-barred as of the effective date of the revival statute or were dismissed "solely because the applicable period of limitations has or had expired ..." Id. It is undisputed that appellant's claim was time-barred as of July 1, 1986, the effective date of the revival statute. The revival statute, however, is not without limitation. It expressly excludes from the category of revived claims wrongful death actions that were "not barred as of the date of the decedent's death and could have been brought pursuant to section 5-4.1 of the estates, powers and trust law" by a personal representative. Id. The issue on appeal is whether appellant's cause of action for wrongful death due to inhalation of asbestos was indeed barred and could not have been brought on November 26, 1947, the date of decedent's death.
 
 
 4
 Appellant contends that most of her husband's exposure to asbestos occurred prior to November 26, 1944, that is, more than three years before his death and that the bulk of the exposure occurred outside of the three-year limitation period then applicable to wrongful death actions. Stressing that only six to seven months of exposure had occurred within the three year limitation period, appellant argues that at the time of decedent's death in November 1947, the only possible claim available to appellant would be based on a few months of exposure. Appellant further maintains that under the prevailing law in 1947, it would have been impossible for her to commence a wrongful death action because she could not have alleged, in good conscience, that a few months of exposure had proximately caused decedent's death or shortened his life. In other words, she claims that the action could not have been brought in 1947.
 
 DISCUSSION
 
 5
 1. Appellant's action not time-barred at time of death
 
 
 6
 Under the law of New York as it existed in 1947,[2] appellant's wrongful death claim was viable at the time of her husband's death, in the sense that it was not time-barred. In Schmidt v. Merchants Despatch Transportation Co., 270 N.Y. 287, 200 N.E. 824 (1936), the Court of Appeals affirmed dismissal of an action as time-barred where plaintiff's employment ceased and his exposure to the toxic material ended more than three years before the commencement of the action. The court held that plaintiff's claim for damages based on the negligence of an employer in causing the deceased to inhale dust accrues "only when the forces wrongfully put in motion produce injury." Id. at 300, 200 N.E. at 827. In applying that rule, the court found that "[t]he injury to the plaintiff was complete when the alleged negligence of the defendant caused the plaintiff to inhale the deleterious dust." Id. at 301, 200 N.E. at 827. This language indicates that the limitations period commenced running at the time that the plaintiff last inhaled the foreign substance, not at some later date of discovery of damage. Similarly, the Court of Appeals in Sadowski v. Long Island R.R. Co., 292 N.Y. 448, 55 N.E.2d 497 (1944) rejected a claim that a cause of action accrued upon plaintiff's initial breathing of toxic materials, in that case, silica dust. As decedent's date of last exposure was within three years of his death, appellant's claim was not time-barred under the law as it existed in 1947.
 
 
 7
 2. The scope and purpose of the revival statute
 
 
 8
 The basic principle that actions for negligence or wrongful death accrue at the time of last exposure to inhalable toxic substances appears to have existed unaltered until the revival statute intervened. See Steinhardt v. Johns-Manville Corp., 54 N.Y.2d 1008, 446 N.Y.S.2d 244, 430 N.E.2d 1297 (1981), cert. denied, 456 U.S. 967, 102 S.Ct. 2226, 72 L.Ed.2d 840 (1982); Ward v. Desachem Co., 771 F.2d 663, 666 (2d Cir.1985) ("The New York Court of Appeals has stated repeatedly that the New York Statute of Limitations for inhalation, ingestion, or injection of harmful substances begins to run 'from the last exposure to the substance ...' ").[3] Moreover, in a Memorandum addressing the legislative purpose behind the revival statute, Senator Stafford noted that "an action must be commenced within three years from the date of last exposure to a toxic or harmful substance ..." Memorandum of Senator Stafford, 1986 N.Y. State Legislative Annual 287 (emphasis added). Given that at the time of the revival statute's enactment the legislature anticipated that the statute applied to asbestos exposure cases reaching back into the early years of this century, it seems likely that the legislature assumed that this statement accurately reflected the law as of 1947.
 
 
 9
 Appellant has misconstrued the purpose, as well as the scope, of the revival statute. The intent of the revival statute is to provide some relief to persons exposed to toxic substances, or their representatives, where the latent effects of such exposure did not manifest themselves until many years after the date of last exposure. See Memorandum of Senator Stafford, supra. The statutory exclusion of claims that were "not barred ... and could have been brought pursuant to section 5-4.1 of the estates, powers and trust law" is a single reference to the provision of New York law which allows representatives an additional two years from the date of death to bring claims which the statute of limitations had not barred as of the date of death. N.Y. Est. Powers & Trusts Law Sec. 5-4.1 (McKinney 1963). In Greene v. Abbott Laboratories, 137 Misc.2d 424, 426, 521 N.Y.S.2d 382, 384 (1987) aff'd 148 A.D.2d 403, 539 N.Y.S.2d 351 (1st Dep't 1989), in which decedent's representatives were barred from reviving a claim even though they could not have known that they had a viable claim at the time of decedent's death, the court found "[t]he 'could have been brought' limitation refers to the timeliness of the action and not to the state of knowledge during the relevant time period."
 
 
 10
 Appellant argues revival of her claim based on an assumption that a 1947 court would have concluded that exposure to asbestos in the three year period before death could not have caused any shortening of her husband's life span. Therefore, she argues, a 1947 court would have considered the injury "complete" prior to the three year limitation period. These assumptions are unsupported. As is made clear in Pieczonka v. Pullman Co., 89 F.2d 353 (2d Cir.1937), Wright v. Carter Products, Inc., 244 F.2d 53 (2d Cir.1957), and Aranoff v. Winthrop Laboratories, 102 A.D.2d 736, 476 N.Y.S.2d 571 (1984), whether effects of exposure to toxic substances are cumulative, and to what extent, are fact issues ordinarily requiring competent medical proof at trial. In Greene, the Appellate Division, First Department, held that if the legislature had intended the revival statute to address the state of technical or scientific knowledge at the time of the alleged wrongful death, it would have used language drafted expressly to tie the definition of accrual of the action to discovery of the injury. Greene, supra, 148 A.D.2d at 405, 539 N.Y.S.2d at 353. The New York legislature did not intend to require trials, for revival statute purposes, on the state of medical knowledge in earlier years, whether such knowledge relates to post-limitations period discovery of causation, as in Greene, or pre-limitations period causation of damage, as in the present case.
 
 CONCLUSION
 
 11
 It is clear that appellant's action was not time-barred in 1947. The action "could have been brought" in the sense intended by the revival statute. The extent of recovery possible in 1947 is a matter upon which the court can only speculate at this time. As Learned Hand stated in Pieczonka v. Pullman Co., supra at 357, a case on which appellant relies heavily, the issue of damages "is a quite separate question from whether the suit must be brought within three years from the last breathing of the dust."
 
 
 12
 Decedent's exposure to asbestos occurred within three years of his death and appellant's wrongful death claim was not barred at the time of decedent's death in 1947, in the sense intended by the revival statute. Therefore, the revival statute does not resurrect appellant's claim and the district court's judgment is affirmed.
 
 
 
 *
 Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation
 
 
 [1]
 AC & S Inc., Armstrong World Industries, Inc., GAF Corporation, Pittsburgh Corning Corporation, Fibreboard Corporation, National Gypsum Company, United States Gypsum Company, Dana Corporation, CertainTeed Corporation, and T & N plc, formerly known as Turner & Newall PLC ("appellees")
 
 
 [2]
 Only pre-1947 law is directly relevant to the question of whether appellant's cause of action was time-barred at the date of decedent's death
 
 
 [3]
 We also note In Re Joint Eastern and Southern Districts Asbestos Litigation, relating to Anderson v. Armstrong World Industries, Inc., No. 87 Civ. 4567 (S.D.N.Y. Dec. 18, 1988) and Oefelein v. Armstrong World Industries, Inc., No. 87 Civ. 4279 (S.D.N.Y. Dec. 18, 1988), wherein the court in facing issues similar to those presented here ruled that the pre-1986 limitation period ran from the date of last exposure. In Anderson and Oefelein the dates of death were 1969 and 1971 respectively. As indicated, the law did not vary in any material way from 1947 to 1971