**In re JOINT EASTERN AND SOUTHERN DISTRICT ASBESTOS LITIGATION. This Document Relates to John Maiorana.**

**No. 88 Civ. 3317 (RWS).**

United States District Court,
S.D. New York.

Feb. 1, 1991.

Levy Phillips & Konigsberg (Alan J. Konigsberg, of counsel), New York City, for plaintiff.

Christy & Viener (James M. Minamoto, of counsel), New York City, for defendant Owens–Corning Fiberglas Corp.

Lieber & Lieber (Eugene H. Lieber, of counsel), New York City, for defendant U.S. Mineral Products Co.

## OPINION

SWEET, District Judge.

Defendants Owens–Corning Fiberglass Corporation ("OCF") and United States Mineral Products Company ("USMP") in this asbestos litigation move for partial summary judgment dismissing the wrongful death claims of plaintiff Arlene Maiorana ("Maiorana") as time-barred. For the following reasons, the motion is granted.

### The Parties

Maiorana is the widow of John Maiorana, a sheetmetal worker who died of colon cancer on June 16, 1983. She asserts that her husband's cancer was caused by his exposure to asbestos and asbestos-containing products during his construction career.

The defendants are manufacturers of various asbestos-containing products to which Mr. Maiorana is alleged to have been exposed.

### Prior Proceedings

This case was originally filed on July 28, 1987 as part of a case brought by sixteen plaintiffs on behalf of themselves and their deceased spouses, *Meilinger v. National Gypsum Co.*, No. 87 Civ. 5188 (S.D.N.Y. filed July 28, 1987). In that complaint, each plaintiff alleged a claim for wrongful death and survival benefits and a claim for loss of services and consortium, and sought punitive damages against the defendants. In May 1988, Maiorana's claims were separated from those of the other widows and filed as an independent case, *Maiorana v. National Gypsum Co.*, 88 Civ. 3317 (S.D.N.Y. filed May 11, 1988). In October 1990, the case was transferred to this Court for expedited trial.

### Statutory Framework

This case involves application of § 4 of the New York Toxic Tort Reform Act of 1986, Ch. 682, L.1986, § 4, *reprinted in* 1 McKinney's Session Laws of New York 1567 (West 1986) ("the Revival Statute"). For a detailed discussion of this statute see *Monte v. National Gypsum Co.*, 921 F.2d 405, 406–08 (2d Cir.1990).

Prior to 1986, New York law provided that a cause of action for exposure to toxic

substances accrued at the date of last exposure to the toxic substance. The applicable statute of limitations was three years from that date. *Monte,* at 407; *In re Joint Eastern and Southern Districts Asbestos Litigation,* relating to *Anderson v. Armstrong World Indus., Inc.,* No. 87 Civ. 4567 (S.D.N.Y. Dec. 18, 1988) and *Oefelein v. Armstrong World Indus., Inc.,* No. 87 Civ. 4279 (Dec. 18, 1988); *Steinhardt v. Johns–Manville Corp.,* 54 N.Y.2d 1008, 1010–11, 446 N.Y.S.2d 244, 246, 430 N.E.2d 1297, 1299 (1981), *cert. denied sub nom. Rosenberg v. Johns–Manville Sales Corp.,* 456 U.S. 967, 102 S.Ct. 2226, 72 L.Ed.2d 840 (1982). If the exposed victim died prior to the end of the limitations period, the Estates, Powers and Trusts Law ("EPTL") granted survivors two years in which to bring a wrongful death action. N.Y.Est. Powers & Trusts Law § 5–4.1.

A significant problem with this was that toxic exposure victims might be unaware of either the fact of their exposure or the toxic nature of the substances to which they had been exposed, and such exposure might not manifest itself as a disease until long after the date of exposure. Thus many victims were prevented from collecting for their injuries because they did not even know that they had been injured prior to the end of the limitations period.

The Revival Statute addressed this problem by reviving claims which had been barred because of a lack of timely awareness of the injury. Specifically, the statute provided a one-year period in which plaintiffs could bring claims for exposure to toxic substances which were previously time-barred. *Monte,* at 406. The revival was expressly limited, however, to exclude "any action for damages for a wrongful act, neglect or default which was not barred as of the date of the decedent's death and could have been brought pursuant to [EPTL] Section 5–4.1...."

*The Facts*

Shortly after Maiorana filed her individual complaint, the defendants, through interrogatories, requested Mr. Maiorana's detailed work history, including dates and locations of employment and types of exposure to any toxic materials. On July 16, 1988, Maiorana, through her attorney, responded to these interrogatories, stating that her husband had been employed in 1981 as a sheetmetal worker by Triangle Sheet Metal ("Triangle") and from 1981 to 1983 by DNS Metal, Inc. ("DNS"). While there was no further detail regarding Mr. Maiorana's work at Triangle, the answers stated that he had worked at DNS on the installation and fabrication of heating, ventilating and air conditioning systems. Maiorana claimed that while at both Triangle and DNS her husband had worked with "[m]etal, sound attenuation products and various building and construction products," and expanded the list specifically to include asbestos at DNS. Maiorana also stated that her husband had been exposed to asbestos and asbestos dust in both jobs.

Following OCF's filing of the instant motion, Maiorana's counsel sought to amend these interrogatory answers, deleting asbestos from the list of materials worked with at DNS and stating that Maiorana had no knowledge of any toxic substances to which her husband had been exposed at either DNS or Triangle. Maiorana's counsel also submitted an affidavit explaining that the prior answers were "incorrect and inadvertent" and that the amendment was made to correct the "error" of the original answers. The affidavit further stated that Maiorana would not attempt to prove at trial that her husband had been exposed to asbestos while at DNS or Triangle.

*Discussion*

1. The Standard for Summary Judgment.

Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed.R. Civ.P. 56(c). In deciding a motion for summary judgment, the court is not expected to resolve disputed issues of fact, *Donahue v. Windsor Locks Board of Fire Commissioners,* 834 F.2d 54, 57 (2d Cir.1987), but to determine whether there are any factual issues which require a trial. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). However, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at

586, 106 S.Ct. at 1356. This is particularly true when the issue is one on which the opponent of summary judgment would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). "Summary judgment is appropriate when, after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the nonmoving party." *Lund's, Inc. v. Chemical Bank*, 870 F.2d 840, 844 (2d Cir.1989).

2. **Under Maiorana's Original Interrogatory Answers Her Claim Is Not Revived.**

■ Unless the Revival Statute applies to Maiorana's wrongful death claim, it is time-barred, as EPTL § 5–4.1 provides that "[s]uch an action must be commenced within two years after the decedent's death." Therefore, the crucial determination is whether the claim was revived by the statute, or whether it was excluded from revival as a wrongful death claim which "was not barred as of the date of the decedent's death and could have been brought pursuant to Section 5–4.1."

The defendants assert that Maiorana's original answers to the interrogatories establish that her husband was exposed to asbestos within three years of his death both at DNS and Triangle, and that consequently the statute of limitations had not run on his claim at the date of his death. Therefore, they conclude, Maiorana had two years from that date to bring a timely wrongful death claim under § 5–4.1. As this would place her claim within the exception to the Revival Statute, it would be time-barred. *See Monte*, at 407–08; *see also Greene v. Abbott Laboratories*, 148 A.D.2d 403, 405, 539 N.Y.S.2d 351, 353 (1st Dep't 1989) ("could have been brought" language of Revival Statute refers only to timeliness at date of decedent's death, regardless of whether plaintiff was aware of claim).

3. **No Adequate Explanation Has Been Provided for the Amended Answers.**

■ Maiorana's counsel's attempt to amend the original interrogatory answers to avoid dismissal of the wrongful death claim is rejected. Not only was the correction made almost two and a half years after the original responses were signed, the affidavit in support of the amendment is signed by an attorney other than the one who signed the original answers, an attorney who has provided no evidence from anyone directly involved with the earlier "error" to explain how it had occurred. Even more significantly, Maiorana herself has offered no statement to explain how she actually does not possess information which her attorney previously claimed that she did. In light of the timing of this change of heart and its implications with respect to the present motion, Maiorana's counsel's bare statement that the prior answers were "incorrect and inadvertent" is simply insufficient to permit the modification.

4. **The Amended Answers Would Not Raise Any Genuine Issue of Fact.**

Even if the proposed amended answers were accepted, they would be insufficient to oppose the instant motion. In the amended answers, Maiorana does not claim that her husband was not exposed to asbestos at DNS or Triangle, but only asserts that she has no knowledge of any such exposure. Having raised the issue initially, Maiorana and her counsel cannot escape simply by claiming a lapse of memory and stipulating that they will not attempt to prove such exposure. OCF has asserted that there is no genuine issue as to whether Maiorana's claim could have been brought within two years after her husband's death, and Maiorana's motion papers do not contradict this assertion. Pursuant to Civil Rule 3(g) of the Local Rules for the Southern and Eastern Districts of New York, this fact must be deemed to be admitted. Hence regardless of the interrogatory answers the wrongful death claim must be dismissed.

5. **The Dismissal Applies to the Entire Wrongful Death Claim.**

■ Maiorana's counsel also seeks to contain the damage by limiting the instant

motion to those defendants whose products Mr. Maiorana might have been exposed to while at DNS and Triangle. Apparently, counsel would expect to preserve Maiorana's claim against all other asbestos manufacturers. However, as the Second Circuit made clear in *Monte*, Maiorana's wrongful death action accrued only at the last date of her husband's exposure to asbestos. As this occurred within three years of his death, her wrongful death claim against all of the defendants would have been viable at that time, and thus her entire wrongful death claim is excluded from the scope of the Revival Statute. *Monte*, at 407–08. Therefore, Maiorana's entire wrongful death claim must be dismissed.

*Conclusion*

Because Maiorana has not raised a triable issue as to whether or not her husband was exposed to asbestos within three years of his death, her wrongful death claim was viable at that time and is not revived by the Revival Statute. Therefore, because she did not bring the claim within two years of the date of her husband's death, the claim must be dismissed as barred by the statute of limitations.

It is so ordered.