■ GUILLERMO V. FRANCESKIN, Appellant, v CARLOS MEISCHENGUISER, Respondent. [717 NYS2d 38] —Order, Supreme Court, New York County (Herman Cahn, J.), entered October 15, 1999, which granted defendant's motion to dismiss the complaint as time-barred, unanimously affirmed, without costs.

It is undisputed that this action to recover for allegedly wrongful transfers of plaintiff's funds from accounts bearing the names of both plaintiff and the decedent, Eugenio Durante, to accounts bearing the decedent's name only, is time-barred unless defendant is estopped from invoking the Statute of Limitations by reason of the decedent's fraudulent concealment of the disputed transfers. Because plaintiff alleges no sustainable claim of fraudulent concealment, his action was properly dismissed. The accounts in question, opened by the then 34-year-old plaintiff and the decedent, plaintiff's stepfather, by their express terms permitted unilateral withdrawals and transfers by either of the joint account holders and there is no indication that the complained-of transfers by the decedent were in any way concealed from plaintiff who could have discovered by routine inquiry within the statutory period that the funds in question were no longer in joint accounts. Plaintiff's failure to exercise ordinary diligence periodically to ascertain the status of the joint accounts from which, he was on notice, funds might be freely transferred by either account holder, renders his estoppel claim untenable (see, Simcuski v Saeli, 44 NY2d 442, 450-451; Matter of Allstate Ins. Co. [Michel], 167 AD2d 208).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Nardelli, J. P., Williams, Ellerin, Lerner and Rubin, JJ.